[Crim. No. 5356.   Second Dist., Div. Three.   July 22, 1955.]

THE PEOPLE, Respondent, v. JOHN HITE,
Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Marvin Gross, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was charged in two counts with violations of section 288 of the Penal Code and with having suffered a prior conviction of the same offense.  He admitted the prior conviction.  In a jury trial he was found guilty as charged in each count.  Pursuant to section 5501, subdivision (c) of the Welfare and Institutions Code the court adjourned the proceeding and certified defendant for hearing and examination to determine whether he is a sexual psychopath.  A hearing was had and an order made committing him to a hospital for observation and diagnosis.  (Welf. & Inst. Code,

§ 5512.) Thereafter the court found defendant is a sexual psychopath and that he would not benefit from further treatment. Further proceedings were then had with reference to the criminal charge. Defendant moved for a new trial, which was denied. He then made "a request for a jury trial on the findings of sexual psychopathy." The request was denied. Defendant was sentenced to state prison. He appeals from (1) the judgment, (2) the order denying his motion for a new trial, and (3) the order denying his request for a jury trial on the issue of sexual psychopathy.

The first specification of error is that the evidence is insufficient to sustain the verdict. Two little girls, 11 and 13, testified defendant committed acts upon them denounced by section 288 of the Penal Code. No purpose would be served in reciting the details. The record contains abundant substantial evidence which supports the verdict as to each count.

An investigating officer testified he asked defendant about three girls—the two prosecuting witnesses and one other named Sharon; he asked whether Sharon had been in his truck during the last week, to which defendant replied she had not; also whether he had ever kissed her or touched her in any way, to which defendant replied he had not. Defendant claims it was prejudicial error to permit the officer to testify as to the conversation with respect to Sharon. The People do not answer the point. However, we have examined the record and find that no objection was made to the conversation. It is too late for defendant to complain.

Although defendant appealed from the order denying his request for a jury trial on the issue of sexual psychopathy, he does not make the point or argue it in his brief. He is deemed to have waived it.

The judgment and the orders appealed from are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.