[Crim. No. 1791.   Fourth Dist.   Sept. 3, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ELWOOD LEE WARREN, Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Charles L. Fielding for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from a judgment committing Elwood Lee Warren to the Department of Mental Hygiene, for an indeterminate period, as a sexual psychopath, and from orders denying his motions (1) for a new trial in the sexual psychopathy proceedings; (2) for a copy of the transcript at the expense of the county; (3) for admission to bail pending appeal; and (4) for a stay of execution pending appeal.

The order denying the motion for a new trial was not appealable. (Code Civ. Proc., § 963.) The appeal from the order denying the motion to furnish a copy of the transcript at the expense of the county has been abandoned. No contention with respect thereto is urged. ▇ The appeal from the orders denying the motions for admission to bail and for stay of execution pending appeal may be deemed to have been waived because, even though referred to in appellant's brief, no contention, argument, or authorities in support of their reversal have been presented. (*People* v. *Hite,* 134 Cal. App.2d 536, 537 [286 P.2d 425].) Under these circumstances the appeal from the orders should be dismissed.

Elwood Lee Warren, the defendant and appellant herein, was convicted of the offense of indecent exposure, *viz.,* a violation of section 311 of the Penal Code; was certified by the municipal court before which he had been tried to the Superior Court of San Bernardino County as a probable sexual psychopath; was the subject of sexual psychopathy proceedings thereafter conducted in the latter court; was found to be a sexual psychopath; was ordered placed temporarily at Atascadero State Hospital for observation and diagnosis pursuant to the provision of section 5512 of the Welfare and Institutions Code; was diagnosed as a sexual psychopath by the superintendent of that hospital and returned to the superior court for further proceedings; was adjudged a sexual psychopath by that court and committed for an indeterminate period to the Department of Mental Hygiene for placement in Atascadero State Hospital; demanded a trial by jury as authorized by section 5512.5 of the Welfare and Institutions

Code; was found to be a sexual psychopath by a jury after trial; again was committed as a sexual psychopath for an indeterminate period pursuant to the law in the premises; and, as noted, appeals from the judgment so entered.

The grounds for appeal are multiple; are scattered through appellant's brief; and are not separately stated under appropriate headings nor indexed as required by rule 15 of the California Rules of Court.* However, as authorized by rule 18,** rather than order the brief stricken, we are disregarding the defects and considering it as properly prepared.

The defendant and appellant contends, in substance, that the judgment should be reversed because: (1) The finding of the municipal court of probable cause for believing that he was an alleged sexual psychopath, as is required by section 5501 of the Welfare and Institutions Code, was based on surmise, conjecture, and hearsay, and rests on suspicion; (2) the notice of hearing prescribed by section 5503 of the Welfare and Institutions Code was not mailed to his relatives living in San Bernardino County; (3) he was not observed for a 90-day period as required by section 5512 of the Welfare and Institutions Code; (4) the evidence is insufficient to support the judgment; (5) the court erred in refusing to give instructions; and (6) the court also erred in the admission of evidence.

■■■ After the defendant had been convicted of the offense of indecent exposure and prior to imposition of sentence, the probation officer filed a report showing that on three prior occasions he had been arrested and convicted for loitering in women's rest rooms in a park, service station and college, respectively; had been charged with the offense of indecent exposure on two prior occasions which culminated in dismissals thereof although he admitted to the police his guilt with respect to one of these offenses. This evidence was sufficient to support the conclusion of the judge of the municipal court that there was probable cause for believing the defendant to be a sexual psychopath and certifying him for hearing and examination by the superior court, as provided by law. The fact that the evidence which supports this conclusion was furnished through the report of a probation officer, and was hearsay, did not affect its legality. ■■■ In making his determination the judge was required to con-

*Formerly Rules on Appeal, rule 15.
**Formerly Rules on Appeal, rule 18.

sider all of the facts and circumstances disclosed through the proceeding before him. (Generally see: *People* v. *Gomez,* 41 Cal.2d 150, 159 [258 P.2d 825]; *People* v. *Puter,* 85 Cal.App.2d 348, 350 [193 P.2d 23].) ▆ Furthermore, the judgment at bar rests upon the evidence adduced in the superior court proceeding, and not upon that before the municipal court. (*People* v. *McAffery,* 182 Cal.App.2d 486, 492 [6 Cal.Rptr. 333]; *In re Northcott,* 71 Cal.App. 281, 283 [235 P. 458].) Therefore, the sufficiency of the evidence to support the order of certification is not of current legal consequence.

▆ The provisions of section 5503 of the Welfare and Institutions Code with respect to the giving of notice to relatives direct only that notice of the sexual psychopathy hearing should be served upon the district attorney, and on such relatives of the person certified for examination "known to be residing in the county as the judge deems necessary or proper." There is no showing that there were any known relatives of the defendant residing in the County of San Bernardino. Moreover, the giving of notice is a matter committed to the exercise of a sound legal discretion by the trial court. The order in question provided that no notice be given to any of the defendant's relatives. The record does not support a conclusion that the making of this order constituted an abuse of discretion.

▆ The contention that the instant proceedings are defective because the defendant was not observed for a 90-day period is without even a semblance of merit. Section 5512 of the Welfare and Institutions Code directs placement of the sexual psychopath in a state hospital of the Department of Mental Hygiene for observation and diagnosis "for a period *not to exceed* 90 days," and that the superintendent of such hospital shall make a report to the court respecting his diagnosis and recommendation "*within* the 90-day period." (Italics ours.) Obviously, these provisions impose a limitation upon the time within which the report in question shall be made, rather than a requirement directing observation of the sexual psychopath for that time, as contended by the defendant.

▆ The contention that the evidence is insufficient to support the judgment is directed to an attack upon the acceptability of the opinion of the psychiatrists who testified that the defendant was a sexual psychopath, and to a claim that the showing made does not establish that he was a person of

the type contemplated by the statute. Three psychiatrists testified that he was a sexual psychopath. The state hospital record, which was introduced in evidence by him, contained a finding of the staff at Atascadero State Hospital that he was a sexual psychopath. The hospital record also contained a copy of the defendant's criminal record obtained from the State Bureau of Criminal Identification and Investigation showing that he had been convicted of three prior offenses of loitering in women's restrooms; had been arrested for and admitted a prior offense of indecent exposure; and also had been convicted of the current offense of indecent exposure.

A defendant's criminal record obtained from the state bureau becomes a part of sexual psychopathy proceedings by virtue of section 5503.5 of the Welfare and Institutions Code, which requires its inclusion within a report the probation officer is required to file with the trial court. The evidence establishes that the opinion of the staff at Atascadero State Hospital and the superintendent of that hospital, who was a witness at the jury trial in question, was based upon observation of the defendant while at the hospital, his prior sex offenses which heretofore have been related, and upon an electroencephalogram showing organic brain dysfunction. Two other psychiatrists also testified that in their opinion the defendant was a sexual psychopath. Another psychiatrist testified that the information available to her was not sufficient to classify the defendant as a sexual psychopath. The defendant places great stress on this testimony. However, the weight to be given the opinions in question was a matter committed to the discretion of the trier of fact and is not a subject for review on appeal. (*Dillard* v. *McKnight,* 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835].)

The defendant contends that the opinions of the three psychiatrists who testified that he was a sexual psychopath are untrustworthy and should be disregarded because they relied upon information contained in the report of the State Bureau of Criminal Identification and Investigation to the effect that he had been arrested for sex offenses other than those heretofore related, without any showing with respect to the disposition of the charges leading to such arrests. However, the evidence adequately establishes that the opinion of one of these psychiatrists, i.e., the superintendent of the state hospital, and of the staff of that hospital, was based upon their observations of the defendant while at the hospital, including interviews with him; upon the fact that he had been

convicted or admitted the commission of a number of sex offenses; and the fact that an electroencephalogram indicated brain damage. This testimony, in itself, was sufficient to support the judgment. The objection to the opinions of the other psychiatrists, because of their consideration of all of the matters appearing in the criminal identification and investigation report, which properly was before them by virtue of the provisions of section 5503.5 of the Welfare and Institutions Code, concerned the weight to be given them as a question of fact, rather than their sufficiency as a matter of law.

The contention that the evidence does not support the conclusion that the defendant was a sexual psychopath within the meaning of the statute is based upon the claim that his alleged abnormal mental condition is not of that type to which the statute is directed. The position of the defendant in this regard is not entirely clear. Primarily it seems to be based upon an assumption that his mental condition is not of the type requiring custodial care and treatment for the protection of society as declared in *People* v. *McCracken,* 39 Cal. 2d 336 [246 P.2d 913] and *People* v. *Wells,* 112 Cal.App.2d 672 [246 P.2d 1023]. A fair consideration of the evidence belies such an assumption. There is no merit to the contention.

A further claim of error is based on the court's refusal to give six instructions. Five thereof properly were refused because repetitious. The sixth instruction detailed the procedure outlined in section 5512 of the Welfare and Institutions Code; was not pertinent to the issue whether the defendant was a sexual psychopath; and thus was not essential to the jury's determination in the premises. There was no error in the refusal. Nevertheless, the defendant argues that this instruction was pertinent because without it the jury was not advised of the nature of the proceedings at hand. The record indicates the contrary. He also argues that if the requested instruction had been given the jury would have been inclined to accept the testimony of the psychiatrist who stated that the information available to her did not justify the conclusion that he was a sexual psychopath. The relationship between these factors is not detailed and, in our opinion, is nonexistent.

The defendant also contends that the judgment should be reversed because the opinion of one of the psychiatrists, that the defendant was a sexual psychopath, was admitted over objection that there was no foundation therefor.

The psychiatrist in question, who had been appointed by the court, stated that in forming his opinion he reviewed the report of the probation officer and considered the facts therein set forth. It also appeared that he had examined the defendant personally; that this examination consumed from an hour to two hours; and information thus acquired was also relied upon. Section 5503.5 of the Welfare and Institutions Code requires the probation officer to investigate and report to the court upon the circumstances surrounding the crime of which the person alleged to be a sexual psychopath was convicted, together with the record and history of that person; and also requires the probation officer to transmit a copy of his report to each psychiatrist appointed by the court. Obviously the section in question contemplates that the psychiatrist receiving such a report should consider the same in arriving at his conclusion. There was no error in permitting the introduction of the opinion in question.

The defendant was fairly tried; the jury was properly instructed; and the evidence satisfactorily establishes that he is a sexual psychopath in need of care and treatment as prescribed by the statute.

The orders appealed from are dismissed. The judgment appealed from is affirmed.

Griffin, P. J., and Stone, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.