[Crim. No. 8906. Fourth Dist., Div. One. Aug. 22, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DEBORAH LYNN WOODS, Defendant and Appellant.

**COUNSEL**

Donald F. Stanton, under appointment by the Court of Appeal, and James W. Self for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Richard D. Garske, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Deborah Lynn Woods appeals an order committing her to the California Rehabilitation Center (CRC) for treatment of her drug addiction (Welf. & Inst. Code, § 3050).

Deborah's commitment stemmed from the revocation of her probation in the municipal court. She seeks to challenge the reasonableness of the violated probation conditions.

Deborah was charged with a petty theft committed on December 12, 1976. She later pled guilty to a lesser charge of disturbing the peace. On August 19, 1977, the court suspended imposition of sentence and placed Deborah on probation for one year on condition:

"(1) that she serve 7 days in custody of the Sheriff, credit 2 days already served;

"(2) that she participate in counseling if and when directed to do so by the Probation Officer and not terminate said counseling without the written permission of the P/O;

"(3) that she submit to the testing for the illegal use of controlled substances when requested to do so by the Probation Officer or any Peace Officer;

"(4) that she not enter the Republic of Mexico;

"(5) that she submit her person, property, place of residence or abode, vehicle, personal effects to search at any time when requested to do so by the P/O;

"(6) that she not use or possess any controlled substances without a valid prescription;

"(7) that she report to the P/O if and when directed to do so."

On December 7, 1977, a supplemental probation report was filed concerning Deborah and she was ordered to show cause why probation should not be revoked.

On February 3, 1978, the municipal court revoked Deborah's probation and entered a minute order reading:

"Motion by Atty. Stanton to strike drug conditions as not being related to the offense is Denied. Defendant admitted violation of terms of Probation.

"Probation is Hereby Revoked. Defendant Certified to the Superior Court pursuant to W & I Code 3050 to determine addiction to narcotics."

On February 7, 1978, the municipal court entered a formal order suspending the criminal proceedings and certifying Deborah to the superior court for determination of narcotic addiction (Welf. & Inst. Code, § 3050).

On February 21, 1978, Deborah filed a notice of appeal from the February 3 revocation of probation. In noting this as a fact, we stray somewhat from the record on this appeal. In her reply brief Deborah has appended a copy of that notice of appeal and we accept it as a representation the notice was filed.

 It is at this point where the case teetered off the procedural track. On March 18, 1978, Deborah appeared in superior court for a hearing on the petition for narcotic addiction which had been filed by the district attorney. Assuming the civil petition somehow transferred jurisdiction of her criminal case to the superior court, Deborah's counsel made a motion the superior court suspend its proceedings and remand the case to the municipal court "so it can be transferred to the appellate department." This misconception was reinforced by the superior court judge who noted: "The Municipal Court hasn't got any jurisdiction for anything right at the moment. The matter is before me."

Since a timely notice of appeal had been filed from the order revoking probation, the municipal court did have jurisdiction to prepare the record for transmittal to the superior court appellate department. That is, of course, if the appeal was otherwise procedurally healthy, a matter disputed by the People.

 The People contend the order revoking probation is not an appealable order and Deborah's failure to ask for, or obtain, a certificate

of probable cause under Penal Code section 1237.5 after admitting her violations prevents review of the reasonableness of the probation conditions in any event.

Penal Code section 1237.5 applies only to appeals from the superior court (Pen. Code, § 1235). It is Penal Code section 1466 which governs appeals from inferior courts to the appellate department of the superior court. ■ There is no requirement of a certificate of probable cause in appeals from the municipal court after a guilty plea or admission of probation violation.

■ As to the appealability of the order revoking probation, the People contend: "[T]he order revoking probation in this case was not an order 'after judgment' because there was no judgment but merely an order after an order granting probation; and an order granting probation is only deemed a final judgment for the purposes of appeal from it (Pen. Code, § 1237), not for purposes of making subsequent orders appealable under Penal Code section 1237(3)."

Here the inapplicability of Penal Code section 1237 is inconsequential because Penal Code section 1466 in all material respects is the same as section 1237 as to this point. The fallacy of the People's contention is it assumes probation orders are deemed to be judgments of conviction only for purposes of taking an appeal to review the merits of the trial or sentencing. The applicable language of both sections 1237 and 1466 reads: "[A]n order granting probation . . . shall be deemed to be a final judgment *within the meaning of this section.*" (Italics added.)

Section 1466 allows an appeal "from any order made after judgment affecting [defendant's] substantial rights." Revocation of probation affects substantial rights. Here the revocation order followed an order deemed to be a final judgment within the meaning of section 1466. It follows the order revoking probation was appealable.

■ Deborah had an appellate remedy to test the reasonableness of her probation conditions. That remedy was not foreclosed by the taking of a petition to the superior court to determine narcotics addiction under Welfare and Institutions Code section 3050. Criminal proceedings were suspended in the municipal court and the criminal phase of Deborah's case rested, and still rests, in the municipal court except to the extent the filing of the notice of appeal has transferred jurisdiction of the criminal case to the appellate department of the superior court. It is unfortunate

that appeal apparently languishes because nobody believes it is viable. It lives.

As might have been gathered, Deborah was committed to CRC by the superior court. We next deal with Deborah's contention she is entitled to a review of the reasonableness of the probation conditions on an appeal from the order of commitment. What Deborah asks is a direct review by the Court of Appeal of the correctness of municipal court action in an appeal from a superior court order. We are persuaded the Legislature did not intend that result.

■ Where one is committed to CRC following his conviction in superior court, his commitment, after the expiration of 90 days, is deemed a final judgment for the purpose of reviewing his conviction (Pen. Code, § 1237).[1] Such is not the case, however, where the defendant has been convicted in municipal court. Penal Code section 1466 provides:

"An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases:

". . . . . . . . . . . . . . . . . .

"2. By the defendant:

"(a) From a final judgment of conviction. A sentence, an order granting probation, or a conviction in a case in which before final judgment the defendant is committed for insanity or is given an indeterminate commitment as a mentally disordered sex offender shall be deemed to be a final judgment within the meaning of this section. *The conviction* of a defendant committed for narcotics addiction shall be deemed a final judgment within the meaning of this section 90 days after such commitment. Upon appeal from a final judgment or an order granting probation the court may review any order denying a motion for a new trial." (Italics added.)

---

[1] We do not suggest a review of the conviction is the only review available following commitment to CRC. The civil commitment order is itself appealable as a final judgment in a special proceeding to review the validity of the order (*People* v. *Murphy,* 70 Cal.2d 109, 115 [74 Cal.Rptr. 65, 448 P.2d 945]; *People* v. *Toscano,* 69 Cal.App.3d 140, 147 [137 Cal.Rptr. 893]). Whether the appeal tests the criminal proceedings, the civil commitment or both will depend upon various factors, including whether the civil or criminal action number is used, or both, and which record is sent to the appellate court (*People* v. *Garcia,* 13 Cal.App.3d 486, 489-490 [91 Cal.Rptr. 671]).

Rather than being deemed a final judgment of conviction as is the case under section 1237, a narcotic commitment under section 1466 merely delays the finality of the inferior court judgment. It is to be noted commitments for insanity and as a mentally disordered sex offender are also not deemed final judgments under section 1466, unlike section 1237. The reason for the difference is apparent. The Legislature did not intend to give a direct appeal to the Courts of Appeal from a municipal court conviction by way of deeming commitments from the superior court to be the judgment of conviction. In short, appealable judgments and orders of the inferior courts are to remain within the appellate jurisdiction of the appellate department of the superior court.

■ On its face Deborah's notice of appeal designated both the superior court action number for the commitment proceedings and the municipal court criminal action number. Because that was ineffective to bring the municipal court rulings before this court for review, there is no reason to secure the municipal court records (lacking in the record on this appeal) in order to test the reasonableness of the probation conditions. We leave that to the appellate department of the superior court in the appeal now pending before it. Obviously the record in that appeal is long overdue, but that is not due to any default on Deborah's part.

Had the claimed defect in the municipal court proceedings gone to the jurisdiction of that court to act, there would be some reason for this court to act (see *People* v. *Bautista,* 6 Cal.App.3d 344, 349, 353 [85 Cal.Rptr. 688]). Such is not the case here where the question involves the reasonableness of probation conditions.

Order affirmed.

Staniforth, J., and Wiener, J., concurred.