[Crim. No. 8795. Fourth Dist., Div. One. Sept. 11, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ARNOLD BARNES, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, Paul Bell and Andrew Freeman, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Harley D. Mayfield, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (Gerald), P. J.— █ Defendant Richard Barnes was convicted of involuntary manslaughter (Pen. Code, § 192, subd. 2). He was examined psychiatrically, was declared not to be a mentally disordered sex offender (MDSO), sentence was suspended and he received probation. Two years later, Barnes was booked for kidnaping (Pen. Code, § 207) and the charges were dismissed when the victim could not be found; probation was revoked, criminal proceedings were adjourned on August 26, 1977; he was certified to the psychiatric department of the superior court and found to be a MDSO not amenable to treatment (Welf. & Inst. Code, § 6300 et seq.). He claims the superior court erred because he did not commit a sex offense as required by the statutes.

Effective January 1, 1977, certification must be based on a conviction of a sex offense, where registration is required under Penal Code section

290, or by clear proof the offense was committed primarily for purposes of sexual arousal or gratification (Welf. & Inst. Code, § 6302).

Here the only conviction Barnes had was for involuntary manslaughter, not an offense requiring registration under section 290. The certification is on an old superior court form when section 6302 required only that it "appear . . . to the Court that the defendant has been convicted of a criminal offense" rather than requiring there be clear proof of a sex offense.

Because the certification order fails to make the finding required by law the judgment is reversed.

Wiener, J., and Welsh, J.,* concurred.

A petition for a rehearing was denied September 27, 1978.

---

*Assigned by the Chairperson of the Judicial Council.