[Crim. No. 11073. Fourth Dist., Div. One. Apr. 11, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK CORONADO, Defendant and Appellant.

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Handy Horiye for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Jeffrey A. Joseph, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COLOGNE, J.**—On August 26, 1977, Frank Coronado was charged with battery (Pen. Code, § 242) and with annoying and molesting a child (Pen. Code, § 647a). On February 8, 1978, he entered a plea of guilty to the battery and the charge of molesting was dismissed in the furtherance of justice. On May 3, 1978, criminal proceedings were suspended in the municipal court and the matter certified to the superior court to determine whether Coronado was a mentally disordered sex offender (MDSO) pursuant to Welfare and Institutions Code section 6300 et seq. (the Article).[1] On August 30, 1978, a hearing was held and he was determined to be a MDSO and committed to the Department of Health for six weeks.

The facts giving rise to the charges in this case are not relevant to the appeal except to note that the battery consisted of Coronado's placing his hands on the buttocks of a 12-year-old female while the two were riding the escalator at a Sears department store in Chula Vista.

Coronado contends first the superior court did not have jurisdiction to determine whether he was a mentally disordered sex offender pursuant to the Article (more specifically § 6302).

Section 6302, subdivision (a), reads: "(a) When a person is convicted of any sex offense, the trial judge, on his own motion, or on motion of the prosecuting attorney, or on application by affidavit by or on behalf of the defendant, if it appears to the satisfaction of the court that there is probable cause for believing such a person is a mentally disordered sex offender within the meaning of this chapter, may adjourn the proceeding or suspend the sentence, as the case may be, and may certify the person for hearing and examination by the superior court of the county to determine whether the person is a mentally disordered sex offender within the meaning of this article.

---

[1] All references are to Welfare and Institutions Code unless otherwise identified.

*"As used in this section the term 'sex offense' means* any offense for which registration is required by Section 290 of the Penal Code; or *any felony or misdemeanor which is shown by clear proof or the stipulation of the defendant to have been committed primarily for purposes of sexual arousal or gratification.*

"When an affidavit is filed under (a) it shall be substantially in the form specified for the affidavit in Section 6251 of this code. The title and body of the affidavit shall refer to such person as 'an alleged mentally disordered sex offender' and shall state fully the facts upon which the allegation that the person is a mentally disordered sex offender is based. If the person is then before the court or is in custody, the court may order that the person be detained in a place of safety until the issue and service of an order for examination and detention as provided by this article." (Italics added.)

■ The facts of this case are sufficient under the definition of a "sexual offense" to bring this case within the provisions of section 6302. The act here involved Coronado placing his hands on the child's buttocks and was clearly for the purpose of sexual arousal or gratification. The probation report leaves no doubt of Coronado's objective in his behavior. The probation report, appropriate proof under authority of *People* v. *Warren* (1963) 219 Cal.App.2d 723 at pages 727 and 728 [33 Cal.Rptr. 552], provides the court with ample evidence of Coronado's sexual problem to support certifying the matter to the superior court for hearing to determine whether Coronado was a MDSO.

The facts of this case are clearly distinguishable from those in *People* v. *Barnes* (1978) 84 Cal.App.3d 745 [148 Cal.Rptr. 824], where the offense was voluntary manslaughter and there was no indication the offense was committed "primarily for purposes of sexual arousal or gratification."

Section 6302, subdivision (d), states in part: "(d) When the court certifies the person for hearing and examination by the superior court of the county to determine whether the person is a mentally disordered sex offender, *the court shall transmit to the superior court its certification* to that effect, *accompanied by a statement of the court's reasons for finding* that there is probable cause for believing such person is a mentally disordered sex offender within the meaning of this article in cases certified under (a), or a statement of the facts making such certification mandatory under (b) or (c)." (Italics added.)

■ In certifying this case to the superior court, the municipal court judge did not state his reasons. This did not comply with the statutory requirement. The purpose of the certification, however, is to provide the defendant with notice of the charge with which he will be faced in superior court (*People* v. *Ruiz* (1969) 1 Cal.App.3d 992, 997 [82 Cal.Rptr. 408]). Here, Coronado had notice of the details as they were contained in the probation report used by the municipal court in making the certification. This was adequate notice (see *People* v. *Warren, supra*, 219 Cal.App.2d 723, 728). At the time of hearing, Coronado was fully aware of the basis for the hearing and raised no objection. He points to no prejudice and, under the circumstances of this case, the failure to give the reasons does not mandate a reversal (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]).

Coronado next contends the judgment of conviction must be reversed because he was not advised of the consequences of his guilty plea in the municipal court. Relying on *In re Tahl* (1969) 1 Cal.3d 122, 132-133 [81 Cal.Rptr. 577, 460 P.2d 449], and *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 292 [110 Cal.Rptr. 329, 515 P.2d 273], he contends he should have been advised that one of the consequences of the plea of guilty to this battery charge was an MDSO commitment (see *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]).

■ Under the procedural circumstances of this case before us, this argument is not persuasive. While the notice of appeal attempts to appeal the "judgment of conviction...," any such appeal must be made to the appellate department of the superior court (see *People* v. *Woods* (1978) 84 Cal.App.3d 149, 155-156 [148 Cal.Rptr. 312]; and see our order in this case dated Oct. 17, 1978, dismissing the appeal from that judgment). As Coronado states in his opening brief, "[t]he appeal is from the civil commitment." The judgment not being before us in this appeal, it is improper for us to consider the merits of that judgment. If we could somehow assume this is a judgment of the superior court, no certificate of probable cause has been obtained and we would not be in a position to consider the issue in any event (Pen. Code, § 1237.5; see *People* v. *Meals* (1975) 49 Cal.App.3d 702, 708 [122 Cal.Rptr. 585]).

■ Coronado contends there is insufficient evidence to find he was a MDSO. The careful examinations and reports of three psychiatrists clearly provide evidentiary support for their opinion Coronado had a

"large problem in the psychosexual area" becoming "quite aggressive in seeking gratification by touching the buttocks of females as a compulsion to do so," and his aggressiveness is a danger to the health and safety of others. While drinking increases his aggressiveness, there is no denying evidence was presented that the problem exists regardless of his state of intoxication. Coronado was more than just an alcoholic. The danger apparent from the psychological trauma caused by a man stroking the buttocks of a young girl is not something we can ignore as being trivial. One psychiatrist reports an instance where Coronado pressed his private parts against a young girl's buttocks moving his hips from side to side. This clearly brings him within the definition of Welfare and Institutions Code section 6300 as a "person who by reason of mental defect, disease, or disorder, is predisposed to the commission of sexual offenses to such a degree that he is dangerous to the health and safety of others."

■ Finally, Coronado argues he was denied adequate counsel since his attorney failed to seek a trial of the issue of his being a MDSO as authorized under Welfare and Institutions Code section 6318. In view of the substantial evidence contained in the psychiatric reports, it was apparent a trial could have availed Coronado nothing and only prolonged the period when he would be able to start receiving treatment for his problem. There is no suggestion evidence was available to rebut the psychiatrists' opinion. Trial counsel acted properly in this area and furnished Coronado reasonably competent representation (see *People v. Pope* (1979) 23 Cal.3d 412, 424, 425 [152 Cal.Rptr. 732, 590 P.2d 859]). We concur with the Attorney General this is not fault evidencing inadequacy of counsel (see *People v. Eckstrom* (1974) 43 Cal.App.3d 996, 1002-1003 [118 Cal.Rptr. 391]).

Judgment affirmed.

Brown (Gerald), P. J., concurred.

**WIENER, J.**—I dissent.

The impact on the individual alleged to be a mentally disordered sex offender (MDSO) of indefinite confinement in a prison-like state mental institution has been eloquently and dramatically described by our Supreme Court. It has held that because of the drastic impairment of liberty and the permanent scarring of an individual's reputation, an

MDSO finding requires proof beyond a reasonable doubt and conviction by a unanimous jury. (*People* v. *Burnick* (1975) 14 Cal.3d 306, 310 [121 Cal.Rptr. 488, 535 P.2d 352]; *People* v. *Feagley* (1975) 14 Cal.3d 338 [121 Cal.Rptr. 509, 535 P.2d 373].)

The Legislature, sensitive to the judicial insight expressed in *Burnick* and *Feagley*, responded by amending Welfare and Institutions Code section 6302, subdivisions (a) and (d), effective January 1977. No longer may a person convicted of *any* criminal offense be held to determine whether he or she is an MDSO. Only those persons who are convicted of specific sex offenses or of a felony or misdemeanor which is shown by clear proof or stipulation to have been committed primarily for the purpose of sexual arousal or gratification may be placed on the MDSO track. (Welf. & Inst. Code, § 6302, subd. (a); see *Review of Selected 1976 California Legislation*, 8 Pacific L.J. 165, 296-300.) The amendment "appears to codify the above decisions [*Burnick* and *Feagley*] and to complete the task of awarding persons alleged to be MDSO's the full rights of all persons accused of criminal offenses." (*Id.*, at p. 300.)

Defendant's plea to battery certainly did not place him within the provisions of the statute (Welf. & Inst. Code, § 6302, subd. (a)). The only way he could have been certified to the superior court for hearing and examination as a possible MDSO was the court's finding by *clear proof* that his crime was committed primarily for purposes of sexual arousal or gratification.

In response to our request for additional briefing, the Attorney General candidly admits the term "clear proof" has not been defined in the context of the statute nor have any procedural requirements to determine probable cause other than those set out in the statute been established. This procedural gap must be filled by either our high court or the Legislature, for a willy-nilly ad hoc process which will only occasionally satisfy due process is unacceptable. Although I defer to others to describe the procedure for all cases, I am not so hesitant to reject what was done in the case before us.

Here, the record does not indicate in the slightest that defendant was told or knew he was heading toward a commitment process. He entered into a plea bargain—he pled guilty to battery—an innocuous crime in

terms of its sexual connotation. At his hearing for probation and sentencing, there is no indication he was told·he could contest any of the statements in the probation report recommending MDSO proceedings. The entire process smacks of an administrative web in which defendant, after having confided to a probation officer for purposes of probation, finds himself entwined as he is directed toward the state hospital. And to compound this Kafkaesque scene and to further confuse the record, the certification fails to meet the requirements of the statute itself for it does not contain the reasoning for the court's findings there was probable cause for believing defendant an MDSO. (Welf. & Inst. Code, § 6302, subd. (d); *People* v. *Barnes* (1978) 84 Cal.App.3d 745, 746-747 [148 Cal.Rptr. 824].)

Lest the foregoing general comments blur the issue which must be focused upon, I wish to stress the requirements of Welfare and Institutions Code section 6302, subdivision (a), as applied to this case. There must be clear proof that the misdemeanor was committed by defendant for sexual arousal or gratification and probable cause that he is predisposed to the commission of sexual offenses to such a degree that he is dangerous to the health and safety of others (Welf. & Inst. Code, §§ 6300, 6302, subd. (a)). The majority concludes the probation report furnished the court with "ample evidence" of defendant's sexual problems to support the certification to the superior court. The only "facts" contained in the probation report, however, other than conclusions drawn by the probation officer, were defendant's statement that he had no recollection of the event because he was drunk and the probation officer's description of the offense presumably drawn from information gleaned from police reports as is usually done in the preparation of such reports, for the report itself does not indicate the writer independently obtained or verified the information describing the offense. The probation officer's conclusions were buttressed by a prior offense which occurred in 1969 of which defendant still maintains his innocence.

This type of evidence is not sufficient, at least in my mind, to support a finding by "clear proof" that defendant's present offense was committed primarily for sexual arousal or gratification and for probable cause he was an MDSO. The probation report should have been used only as pleadings—allegations—to which defendant should have been allowed to respond at an evidentiary hearing analogous to a preliminary hearing before probable cause could be found.

I would reverse the judgment with instructions to the superior court to remand the case to the municipal court for further proceedings consistent with this opinion.

A petition for a rehearing was denied April 21, 1980. Wiener, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied June 19, 1980. Bird, C. J., Mosk, J., and Newman, J., were of the opinion that the petition should be granted.