[Crim. No. 23759. First Dist., Div. Two. Jan. 12, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL PATTERSON, Defendant and Appellant.

[No. AO20675. First Dist., Div. Two. Jan. 12, 1984.]

In re SAMUEL PATTERSON on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Parts II and III of this opinion are not certified for publication as they do not meet the standards for publication. (Cal. Rules of Court, rules 976 and 976.1.)

**COUNSEL**

Benjamin R. Winslow, under appointment by the Court of Appeal, and Winslow & Schmidt for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, John B. Moy and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—Pursuant to a plea bargain, defendant Samuel Patterson on August 21, 1981, pleaded guilty to one count of assault with a deadly weapon and by means of force likely to produce great bodily injury (Pen. Code,

§ 245, subd. (a)).[1] Other charges of infliction of corporal punishment and traumatic injury on a child (§ 273d) and infliction of unjustifiable pain and mental suffering on a child under circumstances likely to cause great bodily harm and death (§ 273a, subd. (1)) were dismissed, as were enhancements charging great bodily injury (§ 12022.7).

Five weeks later, on September 28, 1981, defendant orally requested to withdraw his guilty plea. The trial court denied this motion on November 2, 1981. Appellant was sentenced to state prison pursuant to the plea bargain for the upper term of four years.

This appeal is from the judgment of conviction. The notice of appeal filed by defendant in propria persona states that it is for "sentencing only" pursuant to California Rules of Court, rule 31(d).[2] No certificate of probable cause (§ 1237.5) was obtained. The record fails to show that defendant even sought such certificate.

Despite the notice of appeal limiting issues to be raised to sentencing errors only, defendant, represented by counsel on appeal, argues that the trial court erred in failing to allow him to withdraw his guilty plea on the grounds that the plea was involuntary; that the court failed to advise him of his right to counsel at the time of taking the plea and failed to secure an express waiver of said right to counsel; and that the record does not reflect a factual basis for the plea. In addition, defendant contends that the trial court erred in failing to state reasons for its sentence choice. Finally, in propria persona, defendant petitions this court for a writ of habeas corpus alleging ineffectiveness of trial counsel.[3]

The statement of facts set forth in appellant's opening brief, adopted by respondent in its brief, is adequate and will not be reiterated here, except where pertinent to the issues discussed.

---

[1] Unless otherwise indicated all statutory references are to the Penal Code.

[2] Rule 31(d), provides in pertinent part as follows: "In cases in which a judgment of conviction was entered upon a plea of guilty . . . the defendant shall file the statement required by Section 1237.5 of the Penal Code, which shall serve as a notice of appeal, within 60 days after the rendition of judgment, but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. . . . [¶] If the appeal from a judgment of conviction entered upon a plea of guilty . . . is based solely upon grounds (1) occurring after entry of such plea which do not challenge the validity of the plea or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds."

[3] By order filed December 30, 1982, this court ordered "that the petition for writ of habeas corpus shall be considered with the appeal in Action No. AO16853 for decision."

## DISCUSSION

### I. *Validity of guilty plea.*

■ At the outset, the Attorney General argues that defendant may not attack the validity of his guilty plea as he did not procure a certificate of probable cause from the trial judge. (§ 1237.5)[4] Indeed, defendant in this case did not even seek such a certificate from the trial court.[5] Despite this failure, the county clerk nevertheless certified the clerk's and reporter's transcript on appeal to this court. The record thus presented is more extensive than that required for consideration of sentencing issues only.

The failure of the trial court to issue a certificate of probable cause precludes appellate review. ■ However, where the trial court has abused its discretion in refusing to issue a certificate of probable cause, such refusal is reviewable by a petition for writ of mandate. (*In re Brown* (1973) 9 Cal.3d 679, 683 [108 Cal.Rptr. 801, 511 P.2d 1153].)

■ In the instant case it is clear that those issues relating to the validity of defendant's guilty plea are subject to the requirements of section 1237.5. These contentions include: the voluntariness of defendant's guilty plea (see *People* v. *Ribero* (1971) 4 Cal.3d 55 [92 Cal.Rptr. 692, 480 P.2d 308]; *People* v. *Coronado* (1980) 104 Cal.App.3d 491 [163 Cal.Rptr. 746]); the claimed failure of the trial court to advise him of his right to counsel at the guilty plea proceeding (cf. *People* v. *McMillan* (1971) 15 Cal.App.3d 576 [93 Cal.Rptr. 296] [relating to *Boykin-Tahl* advisements]; *People* v. *La-Jocies* (1981) 119 Cal.App.3d 947 [174 Cal.Rptr. 100]); and the assertedly inadequate factual basis for the plea (*People* v. *Pinon* (1979) 96 Cal.App.3d 904 [158 Cal.Rptr. 425]).

Despite the trial court's refusal to grant the certificate of probable cause, it has been held that "if the trial court has, by its statements or conduct, in effect certified the appeal, appellate review is proper." (*People* v. *Holland* (1978) 23 Cal.3d 77, 84 [151 Cal.Rptr. 625, 588 P.2d 765].) In *People* v. *Holland,* the Supreme Court, citing its prior decision in *In re Brown, supra,* 9 Cal.3d 679, 683, footnote 6, stated that "this court has held that where

---

[4]Section 1237.5 states: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

[5]Appellant's counsel has not responded to this contention of the Attorney General and has filed no reply brief in this action.

'. . . the clerk prepares and the trial court certifies a record on appeal in circumstances where to have denied a certificate . . . would have constituted an abuse of discretion' the appellate court must review appellant's contentions. [Citation.]" (*Id.*, at p. 85.) The *Holland* court allowed defendant to pursue review of his claimed denial of the right to counsel despite the denial by the superior court of defendant's request for a certificate of probable cause. In *Holland,* the court concluded that the contentions of the defendant were not clearly frivolous and that the certificate of probable cause should have been issued to permit appellate review. Moreover, the trial court had ordered the preparation of an extensive record on appeal to allow review of defendant's challenge to the search warrant which concededly was an appealable issue. The court pointed out that numerous transcripts and documents were included in the record which did not relate in any way to the warrant issue.

Several important factors distinguish this case from *Holland.* In that case defendant applied for the certificate and could legitimately have sought a writ of mandate challenging the trial court's abuse of discretion in failing to grant it. (See *In re Brown, supra,* 9 Cal.3d 679.) Moreover, *Holland* specifically pointed out that the *trial court* had ordered the preparation of an extensive record on appeal.

In the instant case defendant never sought a certificate of probable cause from the trial court. Moreover, despite certification by the county clerk, there is no indication in the record that the trial court had ordered the record prepared or that the court had by statement or conduct approved or itself certified the record. Indeed, the clerk's transcript contains an unexecuted certification to be signed by the judge of the superior court. These facts strongly indicate that the clerk of the court automatically certified more of the record than required for review of sentencing error. We refuse to consider such certification equivalent to a trial court's certification of an appeal.

Defendant in the instant case filed his notice of appeal for sentencing only, never sought a certificate of probable cause, and has never sought relief in this court from his default for failing to seek such a certificate. There was no dereliction of duty by trial counsel in failing to seek such a certificate (cf. *People* v. *Ribero, supra,* 4 Cal.3d at p. 65; *People* v. *Pinon, supra,* 96 Cal.App.3d 904, 908, fn. 4), as defendant in this case insisted upon his right to self representation until well after he had filed his notice of appeal.

Under these circumstances we do not believe it appropriate to relieve defendant from the requirements of section 1237.5.

As forcefully stated by then Court of Appeal Justice Kaus, surveying cases dispensing with or circumventing the requirements of section 1237.5:

"The only 'principle' which explains the stance adopted by the courts in each of these cases is the apparent belief that the 'interest of judicial economy' would be served by disposing of the issues on their merits. [Citation.] Yet it was that very concern—judicial economy—which motivated the adoption of section 1237.5 in the first place! (See *People* v. *Ward* (1967) 66 Cal.2d 571, 575 . . . .) [¶] The vice in such ad hoc dispensations from the procedural requirements of section 1237.5 is that the long range purposes of the statute are effectively defeated. Defendants and their appellate counsel are encouraged to raise issues which have not been first presented to the trial court in the hope that the appellate court will be moved by its own notion of judicial economy to entertain those issues on their merits. Indeed, counsel may fear that if they fail to raise such 'arguable' issues on appeal they leave themselves open to the accusation that their representation has been 'inadequate.' [Citation.] The end result is that section 1237.5 is effectively nullified since the appellate courts must review these issues if only to determine whether it will be 'economical' to decide them on their merits. [¶] We are convinced that the purposes behind section 1237.5 will remain vital only if we insist on compliance with its procedures." (*People* v. *Pinon, supra,* 96 Cal.App.3d 904, 909.)

For the reasons set forth in *Pinon* and other cases (see, e.g., *In re Chadwick C.* (1982) 137 Cal.App.3d 173, 178 [186 Cal.Rptr. 827]), we consider ourselves bound by the requirements of section 1237.5. Accordingly, since these requirements have not here been met, we decline to address the merits of the issues raised by appellant regarding the validity of his guilty plea.

For reasons set forth in the portion of this opinion not certified for publication, the matter is remanded for resentencing. The judgment is affirmed in all other respects and the writ is denied.

Rouse, J., and Miller, J., concurred.