[Crim. No. 2282. Second Appellate District, Division Two.—May 5, 1933.]

THE PEOPLE, Respondent, v. HARRY R. HOBDAY, Appellant.

Frank J. Lavan for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

PARKER, J., *pro tem.*—Appellant was convicted by a jury of the crime of incest alleged to have been committed upon the person of his fourteen year old daughter. Subsequent to the verdict a motion for a new trial was made and denied. From the judgment thereafter entered and the order denying a new trial this appeal is presented.

The sole ground urged is that the evidence is insufficient to sustain the verdict. We find no merit in the appeal. The law has remained unchanged for many years

to the effect that there need be no corroboration of the victim's testimony in cases of this character. All of the argument here made no doubt was made to the trial jury and in spite thereof a verdict of guilty was returned. To detail the facts would merely perpetuate a sordid story of lust and degeneracy. Suffice it to say that every element of the crime charged was proved by testimony the jury evidently believed.

Summing up the argument of appellant, he urges that the outrage of a child by a parent is a thing in itself so inherently improbable and revolting to the normal human that every intendment should be against the verdict. Such never has been the law. In all cases where a defendant is charged with the commission of a public offense the presumption favors innocence. But when the evidence presented does establish guilt beyond a reasonable doubt the presumption is dispelled and the weight of the evidence is a question for the jury.

It has become something of a commonplace to urge that charges of this character are difficult to disprove. Yet current or past history records few miscarriages of justice. The truth is that these charges are often too difficult to prove and justice is aborted. The evidence presented in the instant case is in itself not unsatisfactory. The defendant's testimony was impeached by proof of a prior conviction of felony.

The transcript is not voluminous and we have therefore carefully reviewed all of the testimony, and aside from the sole ground urged for reversal we have studiously sought to ascertain if any error was committed in the proceeding. We find the case fairly tried, no errors of law in the reception or rejection of evidence and the law governing fully stated to the jury.

The judgment and order appealed from are affirmed.

Works, P. J., and Stephens, J., concurred.