[Crim. No. 2084. Third Dist. Nov. 9, 1948.]

THE PEOPLE, Respondent, v. JOHN HAMILTON Appellant.

George E. Foote for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—By an information the defendant was charged with two counts of incest upon the person of his 16-year-old daughter. The jury found him guilty as charged, and from the judgment of conviction he has appealed, contending (1) that the evidence was insufficient to prove the complaining witness to be his daughter; (2) that the court erred in admitting the evidence of like offenses other than those specifically charged in the information; (3) that the instruction given by the court regarding such other offenses was insufficient, and (4) that the attorney for the prosecution committed prejudicial error in his opening statement to the jury.

An examination of the record in the light most favorable to the respondent state discloses that the birth of the complaining witness on May 14, 1931, was witnessed by her maternal grandmother, in whose home the event occurred, and by an older sister of the prosecutrix. There was further testimony by the grandmother that during the summer of 1930 the defendant visited his wife at the witness's home and that during the several days he was there he and his wife lived together. During the following years neither of these witnesses heard the defendant dispute in any way his paternity of the complaining witness although the sister was informed by her mother that the defendant had denied such parentage. In June, 1944, the complaining witness, her sister, mother and grandmother moved to California to join the defendant, and ever since have lived together on the farm operated by defendant near Walnut Grove. According to the prosecuting

witness, in addition to the two specific acts charged, the defendant had followed a similar course of conduct which began with her arrival in California and continued up to the time of his arrest. In July, 1947, the complaining witness was taken by the defendant to San Francisco where an abortion was performed for which the defendant paid. As a result she became ill and subsequently, upon the insistence of her sister, she was taken by the defendant to a hospital in Lodi. When the doctor first questioned her concerning the abortion she implicated a young man with whom she admitted having had intercourse but later stated that it was her father and that she mentioned the boy in accordance with what her father told her to say. She made similar statements to the investigators from the district attorney's office. The defendant categorically denied his parentage of the complaining witness as well as the commission of the acts as charged.

Under the provisions of Civil Code, sections 193, 194 and 195, children born in wedlock are presumed to be legitimate and this presumption can be disputed only by the husband or wife or the descendant of one or both of them. It is also provided in section 1963, subdivision 31 of the Code of Civil Procedure that a child born in lawful wedlock is presumed to be legitimate and that the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate. (Code Civ. Proc., § 1962, subd. 5.) ▮ The courts of this state have established the further rule that where the laws of nature make it possible that the husband is the father, the presumption is conclusive, but that where the laws of nature do not, only the disputable presumption applies, and evidence by the proper parties is admissible. (*Estate of Walker*, 180 Cal. 478 [181 P. 792]; *Dazey* v. *Dazey*, 50 Cal.App.2d 15 [122 P.2d 308]; *Estate of McNamara*, 181 Cal. 82 [183 P. 552, 7 A.L.R. 313]; *Anderson* v. *Anderson*, 214 Cal. 414 [5 P.2d 881].) ▮ It apparently is the defendant's contention that although he and the mother of the prosecutrix were husband and wife at the time of her birth nevertheless by reason of his testimony that he did not see his wife from 1929 to 1943, and that he was absent during the time conception would have been necessary for the birth of the complaining witness in May, 1931, therefore he has brought himself within the disputable presumption as enunciated in the cases last cited. However, such testimony was directly contradicted by his mother-in-law who testified that he returned on several occasions to her home in Oklahoma,

and in particular during the summer of 1930, where he and her daughter (the mother of the complaining witness and defendant's wife) cohabited together. The jury, disregarding the testimony of the defendant and believing the testimony of the mother-in-law, as their verdict implies, inferentially found that the defendant was not wholly absent during the essential period of conception, and therefore the conclusive and not the disputable presumption applies. Thus, as there is substantial, though conflicting, evidence to sustain such finding of the jury, this court cannot disturb its verdict on appeal. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183].)

Appellant's second contention is (1) that the introduction over his objection of evidence of other acts of incestuous conduct committed by him upon the complaining witness prior to the specific acts charged in the information, was uncorroborated, improper and highly prejudical, and (2) that the *instruction* given by the court in relation to such testimony concerning the limited purpose of such evidence was insufficient.

 Since the complaining witness was under the age of consent (Pen. Code, § 261, subd. 1) she was not at law an accomplice and therefore her testimony alone was legally sufficient to support the conviction of the two acts charged. This being true it necessarily follows that her testimony without corroboration as to the prior incestuous acts likewise was sufficient. (*People* v. *Stoll*, 84 Cal.App. 99 [257 P. 583].)

 The so-called instruction which defendant attacks, was not in fact an instruction but was an admonition by the court to the jury following the court's overruling of defendant's objection to the introduction of evidence relating to like incestuous acts committed prior to the specific acts charged. The trial court properly and comprehensively delineated the limited purpose for which such evidence could be used by the jury.

 Furthermore, even if it can be argued that such admonition was not sufficient, defendant did not object at the time it was given nor has he included in the record before us the instructions given to the jury, and therefore it will be assumed that the jury was properly instructed in this regard.

Our conclusion upon the previous question is applicable also to appellant's final contention, that the opening statement of the prosecuting attorney to the jury that the State proposed to prove other acts of incestuous relations consti-

tuted prejudicial error. In this respect the record discloses that the trial judge properly admonished the jury, and again by reason of the absence of any instructions in the record we will likewise presume that the jury was fully and fairly instructed on this question.

The judgment and order are affirmed.

Adams, P. J., and Thompson, J., concurred.