[Crim. No. 4453. Second Dist., Div. One. Aug. 28, 1950.]

THE PEOPLE, Respondent, v. LESLIE E. JAHN, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General and Gilbert Harelson, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment. Defendant was charged by information with the crime of incest in three counts and adjudged guilty as charged. Defendant waived a jury. The act was committed with defendant's daughter who was 16 years of age.

It is contended on appeal, quoting from appellant's brief, that "The verdict is contrary to the law and to the evidence.

"(1) *The witness, LAURA LOU JAHN, is an accomplice.*

"At the outset it is the desire of the APPELLANT to set forth his position with conciseness and with frankness. He concedes the holding of recent cases that in the crime of incest where the participating party is under the age of eighteen she is held not to be an accomplice for the reason that she cannot consent to an act of sexual intercourse legally and therefore her testimony need not be corroborated.

"*People* v. *Pettis,* 95 A.C.A. 915 [95 Cal.App.2d 790 (213 P.2d 731)]

"*People* v. *Stoll,* 84 Cal.App. 99 [257 P. 583]

"*People* v. *Hamilton,* 88 Cal.App.2d 398 [198 P.2d 907]

"Counsel for APPELLANT states that it is her honest and sincere conviction that these cases do not give true service to the legislative intent as regards Penal Code section 285, defining incest.", and that "There is not sufficient corroboration of the testimony of the accomplice."

In *People* v. *Stratton,* 141 Cal. 604 [75 P. 166], which is an incest case, appears the following, "If the prosecutrix, *being of the legal age of consent,* consents to the incestuous intercourse, unquestionably she is *particeps criminis,* and her testimony, like that of any other accomplice, uncorroborated, is insufficient to uphold a conviction. (Citing cases.) *But if,* upon the other hand, she is the victim of force, or fraud, or undue influence, *or is too young to be able to give legal assent,* so that she does not willfully and willingly join in the incestuous act, *she cannot be regarded as an accomplice.*" There

238

appears to be no division of opinion on this question as contended by appellant but, on the contrary, the law is uniform in support of the Stratton case. *People* v. *Johnson*, 115 Cal. App. 704 [2 P.2d 216]; *People* v. *Herman*, 97 Cal.App.2d 272 [217 P.2d 440]; *People* v. *Hamilton*, 88 Cal.App.2d 398 [198 P.2d 907].

It appears well settled therefore that consent could not be given as a matter of law and that in such circumstances the law relating to the necessary corroboration of accomplices does not apply.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 25, 1950. Schauer, J., voted for a hearing.