[Crim. No. 15136.   Second Dist., Div. One.   Feb. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JESUS RODRIGUEZ BATRES, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, Acting P. J.—This is an appeal from a judgment of conviction of four counts of incest and one count of a violation of section 288 of the Penal Code.

In an information filed in Los Angeles on January 3, 1967, defendant was charged in count 1 with having an act of sexual intercourse with his daughter Maria on June 1, 1966; in count 2 with having an act of sexual intercourse with his daughter Andrea on December 10, 1966; in count 3 with having an act of sexual intercourse with his daughter Maria on December 10, 1966; in count 4 with having an act of sexual intercourse with his daughter Teresa on December 1, 1966, and in count 5 with having committed a lewd and lascivious act upon the body of his daughter Teresa, a child under the age of 14 years, on December 1, 1966. Defendant pleaded not guilty, a jury was properly waived and a closed trial was ordered. Defendant was found guilty as charged on all counts. A probation report was ordered. Two psychiatrists were appointed pursuant to the provisions of section 5504 of the Welfare and Institutions Code for the purpose of ascertaining whether defendant was a mentally disordered sex offender. At a hearing it was stipulated that the matter be submitted upon the reports of the doctors on file, defendant was found to be a

mentally disordered sex offender and he was committed to Atascadero State Hospital for observation, diagnosis and recommendations. Following such hospitalization a supplemented probation officer's report was ordered, there was a full hearing and it was determined that defendant was a mentally disordered sex offender. Probation was denied, defendant was sentenced to the state prison, the terms on each count to run concurrently. A timely notice of appeal was filed from the ''verdict, judgment and sentence.''

A résumé of some of the facts is as follows: (Count 1) At the time of trial Maria, defendant's natural daughter, was 17 years of age. On June 1, 1966, defendant sent his wife (the mother of the children) to a store and while the mother was absent he compelled Maria to engage in an act of sexual intercourse with him. Maria did not tell anyone until later of what had occurred at that time, because defendant had threatened to kill her if she told.

(Counts 2 and 3) On December 9, 1966, defendant was drinking and watching a television program. Defendant contacted Andrea and directed her to get him a beer from the kitchen. Andrea, defendant's daughter, slept with her father that night at his request and at about 5 a.m. of December 10, 1966, defendant directed his wife to get some food. While defendant and Andrea were alone defendant pulled off her clothes and compelled her to have an act of sexual intercourse with him. At that time Andrea was 16 years of age. On the morning of December 10, 1966, defendant's wife discovered him in bed with Andrea and became very angry and left the house. Later on the same morning defendant had an act of sexual intercourse with his daughter Maria Elena. Maria Elena was 14 years of age at the time and occasion.

(Counts 4 and 5) At the time of trial the child Teresa was 10 years of age. On December 1, 1966, defendant directed Teresa to come with him to an upstairs bedroom where they were alone. At that time defendant had an act of sexual intercourse with Teresa.

Defendant's wife and mother of the children testified that she had made an effort to have the charges against defendant dropped. The judge seemingly interpreted that state of affairs as an effort to invoke the privilege of one spouse not to testify against the other. The judge then held that the privilege did not apply under the circumstances of this case.

At the hearing held to determine whether defendant was a mentally disordered sex offender both doctors indicated that

defendant was a probable mentally disordered sex offender, both agreed to such classification; however, one doctor did indicate that if defendant were properly and adéquately supervised "he would probably not be a menace to the safety and welfare of others." The final determination after the hospital observation and diagnosis was that defendant was a "mentally disordered sex offender" and "not amenable to treatment."

Defendant testified at the trial and denied any offenses concerning Andrea, Maria Elena or Teresa. At the hearing following the observation period at the hospital he testified that he had had intercourse with Maria and Maria Elena and that he had had his hand inside the undergarments of Andrea. He denied any wrongdoing with Teresa.

Appellant now asserts that it was error to compel his wife to testify, that the testimony of his daughters was not corroborated and that his confinement at Atascadero was improper and illegal. There is no merit to appellant's contentions.

In this case appellant was charged with crimes against the children of himself and his wife. Section 972, subdivision (e)(1) of the Evidence Code reads as follows: "A criminal proceeding in which one spouse is charged with: (1) A crime against the person or property of the other spouse or of a child of either, whether committed before or during marriage."

The acts committed in this case were acts of violence against the respective children. (See *People* v. *Babcock,* 160 Cal. 537, 540 [117 P. 549]; *People* v. *James,* 9 Cal.App.2d 162, 164 [48 P.2d 1011].) Each of the children was below the age of consent at the time the charge was made. (See Pen. Code, § 261, subd. 1.)

The privilege of the wife and mother to refuse to testify against the husband and father under the circumstances here presented does not apply. (See *People* v. *Brown,* 262 Cal. App.2d 378, 384 [68 Cal.Rptr. 657]; *People* v. *Gibson,* 152 Cal.App.2d 149, 153 [312 P.2d 705]; *People* v. *Vera,* 131 Cal. App.2d 669, 673 [281 P.2d 65]; *People* v. *Kasunic,* 95 Cal. App.2d 676, 677 [213 P.2d 778]; Cal. Evidence (2d.ed. 1966) Witkin § 835.)

When incest is charged between a father and a daughter, and the daughter is below the age of consent, she is not an accomplice and her testimony need not be corroborated. (See *People* v. *Stratton,* 141 Cal. 604, 609 [75 P. 166]; *People*

v. *Hamilton*, 88 Cal.App.2d 398 [198 P.2d 907]; *People* v. *Jahn*, 99 Cal.App.2d 236 [221 P.2d 333]; *People* v. *Bowles*, 178 Cal.App.2d 317 [2 Cal.Rptr. 896].) In any event, without reciting all of the evidence, there was substantial corroboration of most of the complained-of acts.

■ With reference to whether appellant should have been sent to Atascadero State Hospital for observation it is clear that the judge was well within his authority and jurisdiction. The proceeding to determine whether appellant was a mentally disordered sex offender was a civil proceeding ancillary to the criminal charges. (*People* v. *Succop*, 65 Cal.2d 483, 487 [55 Cal.Rptr. 397, 421 P.2d 405]; *Gross* v. *Superior Court*, 42 Cal.2d 816, 820 [270 P.2d 1025].) The judge was not bound as a trier of fact to believe either of the purported experts. (See *Mills* v. *Kopf*, 216 Cal.App.2d 780, 785 [31 Cal.Rptr. 80]; *People* v. *Wolff*, 61 Cal.2d 795, 804 [40 Cal.Rptr. 271, 394 P.2d 959]; *People* v. *Cole*, 47 Cal.2d 99, 105 [301 P.2d 854, 56 A.L.R.2d 1435]; *People* v. *Warren*, 219 Cal.App.2d 723, 729 [33 Cal.Rptr. 552]; *People* v. *Parrish*, 75 Cal.App.2d 907, 908 [172 P.2d 89].) In any event the order of commitment to Atascadero was in substantial compliance with the opinion expressed by one of the doctors. Further, it would seem to be self-evident even without expert psychiatric testimony that one who had engaged in sexual intercourse or who had sexually meddled with three of his minor girls to say the least was a person who should be observed under proper conditions to ascertain how he should be dealt with under the law.

■ It is apparent that the acts committed upon Teresa on December 1, 1966, and charged in counts 4 and 5 involved but one course of conduct or series of acts. The appellant although he had made no mention of it in his brief or otherwise should not be compelled under the law as it has now been interpreted to serve two sentences for the same act. It is therefore ordered that the judgment insofar as it imposes a concurrent sentence for the offense as alleged in count 4 is reversed, the judgment of conviction in count 4 is affirmed and in all other respects the judgment with reference to counts 1, 2, 3 and 5 is affirmed.

Lillie, J., and Thompson, J., concurred.