[No. S085471. Apr. 26, 2001.]

THE PEOPLE, Plaintiff and Respondent, v
JOEL ROBERT TOBIAS, Defendant and Appellant.

328

## COUNSEL

Dallas Sacher, under appointment by the Supreme Court; and Chris R. Redburn, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Rene A. Chacon and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN, J.**—In this case, we decide whether a child under 18 who has a consensual sexual relationship with a parent is, like the parent, guilty of incest (Pen. Code, § 285)[1] and therefore an accomplice to the parent's crime, whose testimony against the parent is subject to the cautionary rules governing accomplice testimony. The Court of Appeal held that such a child is an accomplice and therefore the trial court should have given accomplice instructions to the jury. Nevertheless, the court found the error harmless and affirmed defendant's conviction.

We conclude that a child under 18 who has an incestuous sexual relationship with an adult is a *victim*, not a perpetrator, of the incest, and this conclusion remains valid even when the child consents to the sex. In short, the law puts the burden on the adult, not the minor child, to refrain from a sexual relationship. Therefore, a child in this situation can never be an accomplice, and accomplice instructions are not appropriate. We affirm the judgment of the Court of Appeal, but reject that court's reasoning.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 1995, when defendant was 38, his 16-year-old daughter, V., moved into his home with her infant child. Prior to 1995, V. lived with her mother, and defendant had no contact with her. V. testified that she moved into her father's apartment because she wanted to get to know him. They began having sexual intercourse within a few weeks. V. stated she did not want to have sex with defendant, but she admitted he did not force her. She continued to live with him after the sexual relationship began, because in other respects "he was a good father, and [she] wanted to be with him." They had sexual intercourse approximately every other day, sometimes every day, for about six months, at which time V. moved out. On June 13, 1996, V. gave birth to a child. Genetic testing later confirmed defendant was the father.

At trial, defendant admitted having sexual intercourse with V., but the evidence conflicted as to the extent of their sexual relationship and who initiated it. Defendant testified he had sexual intercourse with V. only once. He also claimed V. had not moved into his home until August or September

---

[1] All further statutory references are to the Penal Code.

1995 and moved out in November, about the time he began having a sexual relationship with a girlfriend. The prosecution impeached defendant's testimony by playing a tape of a conversation he had with police, in which he admitted having sex with V. "probably once a week" over the course of "[f]ive [to] six months." In that conversation, he insisted that she sought the sex from him, even threatening to disclose their sexual relationship if he did not comply, and he claimed to have been drunk every time. The prosecution also played a tape of a telephone call between defendant and V., in which defendant spoke without knowing police were recording the conversation. V. asked defendant about the sex, and defendant said, "[i]t was you," "that's what you wanted to do," and "[e]very time you got an urge you came to me." When V. told defendant she was mad at him, he answered, "It sure didn't seem to stop you when you were doing it."

The information charged defendant with 31 counts of incest, one count for each week between July 1, 1995, and February 2, 1996. At the close of the evidence, the prosecution dismissed the first three of the 31 counts. The jury then found defendant guilty of 10 counts, relating to the period between September 9 and November 17. It acquitted him of one count, relating to the period between January 27 and February 2, and it deadlocked with respect to the other 17 counts. The information also charged defendant with one misdemeanor count of failure to register as a sex offender (§ 290, subd. (g)), to which defendant pleaded guilty. In a bifurcated proceeding, the court found true an allegation that defendant had been convicted in 1988 of a lewd or lascivious act on a child (§ 288, subd. (a)), and it found this conviction qualified as a serious felony for purposes of the three strikes law. (§ 667, subds. (b)-(i).) Defendant stipulated to an 18-year sentence in exchange for dismissal of the 17 counts that remained unresolved.

Defendant appealed, arguing among other things that the trial court should have instructed the jury to consider whether V. was an accomplice. The Court of Appeal agreed. The court felt it was a jury question whether or not V. participated voluntarily in the acts of sexual intercourse with her father, and if she did, she was, like him, guilty of incest and therefore an accomplice. Because the evidence was sufficient to support an accomplice finding, the Court of Appeal concluded the trial court had a sua sponte obligation to give standard accomplice instructions to the effect that the jury should view the testimony of an accomplice with caution and that accomplice testimony must be corroborated. Nevertheless, the Court of Appeal found the error harmless in light of significant evidence in the record corroborating V.'s testimony. One justice concurred in the court's judgment, but did not join the court's opinion.

We granted review to consider whether a minor who consents to an incestuous sexual relationship with an adult is guilty of incest (§ 285), and

therefore an accomplice to the adult's crime, necessitating accomplice instructions.

## DISCUSSION

■ Section 1111 provides: "A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. [¶] An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." We have held that "[w]hen there is sufficient evidence that a witness is an accomplice, the trial court is required on its own motion to instruct the jury on the principles governing the law of accomplices," including the need for corroboration. (*People v. Frye* (1998) 18 Cal.4th 894, 965-966 [77 Cal.Rptr.2d 25, 959 P.2d 183]; see also *People v. Zapien* (1993) 4 Cal.4th 929, 981-982 [17 Cal.Rptr.2d 122, 846 P.2d 704]; *People v. Gordon* (1973) 10 Cal.3d 460, 466, fn. 3 [110 Cal.Rptr. 906, 516 P.2d 298]; *People v. Bevins* (1960) 54 Cal.2d 71, 76 [4 Cal.Rptr. 504, 351 P.2d 776].)

The cautionary instructions governing accomplice testimony have their roots in English common law. (See *People v. Eckert* (1860) 16 Cal. 110, 112; *People v. Guiuan* (1998) 18 Cal.4th 558, 565 [76 Cal.Rptr.2d 239, 957 P.2d 928] (*Guiuan*).) The reason most often cited in support of these instructions is that an accomplice is inherently untrustworthy because he or she "usually testif[ies] in the hope of favor or the expectation of immunity." (*People v. Coffey* (1911) 161 Cal. 433, 438 [119 P. 901].) In addition, an accomplice may try to shift blame to the defendant in an effort to minimize his or her own culpability. (*Guiuan*, at pp. 574-575 (conc. opn. of Kennard, J.).) In this case, if V. is "liable to prosecution for the identical offense charged against . . . defendant" (§ 1111)—that is, if she may be prosecuted for incest—then she is an accomplice, and the trial court should have instructed the jury on the law governing accomplice testimony.

Incest was not a crime under the common law. (*People v. Baker* (1968) 69 Cal.2d 44, 49 [69 Cal.Rptr. 595, 442 P.2d 675].) Instead, jurisdictions have historically prohibited incest by statute, beginning as early as 1650 with a statute making incest a capital offense in England. California's incest statute, now codified in section 285, was enacted at the first legislative session in 1850 and has remained substantively unchanged. (Stats. 1850, ch. 99, § 123, p. 244.) It provides: "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, . . .

who commit fornication or adultery with each other, are punishable by imprisonment in the state prison." (Pen. Code, § 285.) Family Code section 2200 defines marriages as incestuous and void if they are "between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood, and between uncles and nieces or aunts and nephews."

■ Despite the unambiguous wording of these statutes, which make no express exception for minors, the Court of Appeal has held, in a consistent line of cases dating back nearly 75 years, that a minor who has incestuous sexual intercourse with an adult is not guilty of incest, even if the minor is older than 14 and participates voluntarily in the incestuous act. (*People v. Hurd* (1970) 5 Cal.App.3d 865, 875, fn. 5 [85 Cal.Rptr. 718] (*Hurd*) [dictum]; *People v. Batres* (1969) 269 Cal.App.2d 900, 903-904 [75 Cal.Rptr. 397]; *People v. Bowles* (1960) 178 Cal.App.2d 317, 322 [2 Cal.Rptr. 896]; *People v. Jahn* (1950) 99 Cal.App.2d 236, 237-238 [221 P.2d 333]; *People v. Herman* (1950) 97 Cal.App.2d 272, 276-277 [217 P.2d 440]; *People v. Pettis* (1950) 95 Cal.App.2d 790, 793-794 [213 P.2d 731]; *People v. Hamilton* (1948) 88 Cal.App.2d 398, 401 [198 P.2d 907]; *People v. Lachuk* (1935) 5 Cal.App.2d 729, 731 [43 P.2d 579]; *People v. Kemp* (1934) 139 Cal.App. 48, 52 [34 P.2d 502]; *People v. Hobday* (1933) 131 Cal.App. 626, 626-627 [21 P.2d 1008]; *People v. Stoll* (1927) 84 Cal.App. 99, 101-102 [257 P. 583] (*Stoll*).) Other jurisdictions have also followed this rule. (Annot., Prosecutrix in Incest Case as Accomplice or Victim (1960) 74 A.L.R.2d 705, 717-719; cf. *Duby v. State* (Tex.App. 1987) 735 S.W.2d 555, 557; *Bolin v. State* (Tex.Crim.App. 1974) 505 S.W.2d 912.)

The California cases all apply essentially the same reasoning, flowing from dictum in our opinion in *People v. Stratton* (1904) 141 Cal. 604 [75 P. 166] (*Stratton*). In that case, we considered whether the same conduct could constitute both rape and incest. The defendant asserted the crime of incest required the consent of both parties. If one party did not consent, he argued, the crime was rape, but not incest, regardless of family relationship. (*Id.* at pp. 607-608.) We noted several out-of-state decisions that had adopted that holding, but we rejected it, concluding that the consent of one's sexual partner was not an element of the crime of incest. (*Id.* at pp. 608-609.) At the close of our opinion, we added the following dictum: "If the prosecutrix, being of the legal age of consent, consents to the incestuous intercourse, unquestionably she is *particeps criminis*, and her testimony, like that of any other accomplice, uncorroborated, is insufficient to uphold a conviction. [Citation.] But if . . . she is the victim of force, or fraud, or undue influence, *or is too young to be able to give legal assent*, so that she does not willfully and willingly join in the incestuous act, she cannot be regarded as an accomplice. [Citation.]" (*Id.* at p. 609, second italics added & fn. omitted.)

At the time we decided *Stratton*, sexual intercourse with a minor (§ 261.5) was not a crime separate from the crime of rape. Instead, rape was defined to include sexual intercourse "[w]here the female is under the age of sixteen years." (Stats. 1897, ch. 139, § 1, p. 201.) In 1913, the Legislature raised this age to 18. (Stats. 1913, ch. 122, § 1, p. 212.) Though the phrase "age of consent" did not appear in the statute, the case law construing the rape statute reasoned that a woman under the specified age was unable to consent to sexual intercourse as a matter of law, regardless of her actual consent. (See, e.g., *People v. Verdegreen* (1895) 106 Cal. 211 [39 P. 607].) In *Stratton*, we reasoned implicitly that a woman cannot be held criminally liable for incest if she is unable, because of her young age, to legally consent to sexual intercourse. (*Stratton, supra*, 141 Cal. at p. 609.)

*Stoll, supra*, 84 Cal.App. 99, was the first California case directly raising the question whether a minor can be an accomplice to incest. Quoting our dictum in *Stratton*, the Court of Appeal concluded that if a woman is too young as a matter of law to consent to sexual intercourse, then, "regardless of her actual assent [to the incest], she cannot be said . . . to have willfully and willingly joined in the intercourse," and therefore she is not an accomplice, and accomplice instructions are not appropriate. (*Stoll*, at p. 102.) As noted, the Court of Appeal reaffirmed *Stoll* in a long line of cases ending in 1970 with *Hurd, supra*, 5 Cal.App.3d at page 875, footnote 5.

In 1970, the Legislature created the crime of unlawful sexual intercourse with a minor (§ 261.5) and amended the rape statute (§ 261) so that it no longer included sex with a minor in the definition of rape. (Stats. 1970, ch. 1301, §§ 1, 2, pp. 2405-2406.) As a result, the circumstances surrounding sexual intercourse with a minor became highly relevant, because this conduct might in some cases be a distinct and less serious crime than rape, particularly where the minor engages in the sexual act knowingly and voluntarily. (Compare § 261.5, subds. (b), (c), (d) [punishment for unlawful sexual intercourse with a minor] with § 264, subd. (a) [punishment for rape].) In making this change, the Legislature implicitly acknowledged that, in some cases at least, a minor may be capable of giving legal consent to sexual relations.[2] If that were not so, then every violation of section 261.5 would also constitute rape under section 261, subdivision (a)(1). (Cf. *Michael M. v. Superior Court* (1979) 25 Cal.3d 608, 614 [159 Cal.Rptr. 340, 601 P.2d 572].) Of course, a minor might still be found incapable of giving

---

[2]In his concurring opinion, Chief Justice George disagrees with this conclusion. Nevertheless, he concedes that a minor can be held responsible for committing sex crimes, including presumably incest. (See conc. opn. of George, C. J., *post*, at pp. 342-343.) The concurrence thus begs the question we need to decide: How (if at all) is incest different from other sex crimes such that a minor is not an accomplice when involved in incest with an adult?

legal consent to sexual intercourse in a particular case, but by abrogating the rule that a girl under 18 is in all cases incapable of giving such legal consent, the Legislature undermined the reasoning of *Stoll*, as well as the Court of Appeal cases that relied on *Stoll*.

The Court of Appeal in this case seized on this point as a basis for rejecting the holding of *Stoll* and its progeny. The court reasoned that, because minors are fully capable, at least in the abstract, of giving legal consent to sexual intercourse, and because they can be held responsible for numerous sex-related crimes (see, e.g., *In re Tony C.* (1978) 21 Cal.3d 888 [148 Cal.Rptr. 366, 582 P.2d 957] [13 year old committed rape]; *In re Jerry M.* (1997) 59 Cal.App.4th 289 [69 Cal.Rptr.2d 148] [11 year old committed a lewd or lascivious act on a child]; *In re Paul C.* (1990) 221 Cal.App.3d 43 [270 Cal.Rptr. 369] [13 year old committed a lewd or lascivious act on a child and oral copulation with a minor]; *In re Billie Y.* (1990) 220 Cal.App.3d 127 [269 Cal.Rptr. 212] [13 year old committed a lewd or lascivious act on a child]), they can also be held responsible for committing incest with an adult. We agree with the Court of Appeal that the reasoning of *Stoll* has been undermined, but we do not reject *Stoll*'s holding.

The conclusion that a minor cannot be held criminally liable for having incestuous sexual intercourse with an adult need not, as stated in *Stoll*, turn on the minor's categorical inability "to give legal assent" to sexual intercourse. (*Stoll, supra*, 84 Cal.App. at p. 102.) Rather, it may rest on the comprehensive legislative scheme establishing that the minor is a *victim* of, not an accomplice to, the incest. "It has long been settled that where a penal statute expressly outlaws conduct against minors, a minor *who is a victim* of the proscribed conduct is not an accomplice and the jury need not be instructed that the minor's testimony requires corroboration." (*People v. Mena* (1988) 206 Cal.App.3d 420, 425 [254 Cal.Rptr. 10] (*Mena*), italics added; see also *People v. Montalvo* (1971) 4 Cal.3d 328, 331 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518] [drug-related offense]; *People v. Poindexter* (1958) 51 Cal.2d 142, 149-150 [330 P.2d 763] [same]; *People v. De Paula* (1954) 43 Cal.2d 643, 647 [276 P.2d 600] [same].) The rationale underlying this rule is that prosecution of the minor for cooperating with the defendant would be inconsistent with the purpose of the law, which is to protect the minor. Because the minor, even if a willing participant in the defendant's conduct, is a victim and cannot be prosecuted as an accomplice, accomplice instructions are not appropriate. (*Mena*, at p. 425.) An exception to this rule might exist where two minors engage in consensual sexual intercourse, and thus both are victims of the other's crime (*In re T.A.J.* (1998) 62 Cal.App.4th 1350, 1364-1365 [73 Cal.Rptr.2d 331]), but this exception clearly does not apply here.

We recognize that, in some cases, the minor may actually initiate and encourage the incestuous sexual relationship. Several psychological and emotional conditions might explain this behavior, including the possibility that the minor has been neglected by his or her family and enjoys the closeness and increased attention associated with the sexual conduct. But regardless of who initiates the sexual relationship, the minor remains the victim, and therefore immune from criminal liability under *Mena, supra,* 206 Cal.App.3d 420, unless it can be said that the minor actually raped the adult and thus the adult had no criminal culpability whatsoever.

Of course, the incest statute does not "expressly outlaw[] conduct against minors" (*Mena, supra,* 206 Cal.App.3d at p. 425), and therefore a minor is not an *express* victim under the statute. Nevertheless, a minor who has incestuous sexual intercourse with an adult is clearly a victim. Incest is qualitatively different from other sex crimes in that the act itself is unlawful, whether or not it is consensual or a minor is involved. Therefore, nothing in the wording of section 285 expressly establishes one of the participants as the victim. Nevertheless, the crime very often involves a minor, and the protection of minors is without a doubt one of the important purposes of the law. When we consider that an adult who violates section 285 with a minor also violates section 261.5, which is a statute clearly intended to protect minors, it is inconceivable that the minor in such a case would be treated as an accomplice to the incest and not a victim. To conclude otherwise would mean that the minor is the victim vis-à-vis the section 261.5 violation, and therefore his or her testimony need not be corroborated, but an accomplice vis-à-vis the section 285 violation, and accomplice instructions are necessary. Such a distinction would be baseless.

Moreover, the conclusion that a minor who has incestuous sexual intercourse with an adult is a victim, not a perpetrator, of the incest is consistent with the entire legislative scheme of laws governing sexual abuse. For example, the Legislature has enacted a special statute of limitations applicable to civil actions for damages resulting from "childhood sexual abuse." (Code Civ. Proc., § 340.1, subd. (a).) " 'Childhood sexual abuse' " is defined as "any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by . . . [among other code sections] Section 285 of the Penal Code"—that is, the incest statute. (Code Civ. Proc., § 340.1, subd. (c).) Significantly, "[c]ivil actions lie in favor of crime *victims*." (*Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1224 [44 Cal.Rptr.2d 197], italics added.) If the Legislature believed that a minor could be criminally liable for having incestuous sexual intercourse with an adult, it would not have defined the same act as "childhood sexual abuse" that could give rise to a civil action in favor of the minor against the adult. (Code Civ. Proc., § 340.1, subd. (c).)

Furthermore, section 11166 requires persons in certain occupations to report suspected child abuse, including incest involving a child (§§ 11165.1, 11165.6). The term " 'child' " is defined as any person under 18 (§ 11165), and section 11164, subdivision (b) describes the child as a "victim." Similarly, section 1203.1g requires defendants who are convicted of "sexual assault on a minor" to pay, in certain circumstances, restitution to the "victim" of the assault, and " 'sexual assault' " in this context includes incest. Finally, section 1202.05, subdivision (a) prohibits visitation between a child "victim" of incest and the perpetrator. (See also § 5054.2.)

The term "victim" also appears in connection with violations of section 285 in the following code provisions: Penal Code sections 136.7, 273.7, 290, 294, 674, 868.8 (see Stats. 1985, ch. 1174, § 1, p. 3964), 1000.32, 1346, and 1347.5; Code of Civil Procedure sections 128, subdivision (d), and 1219; and Government Code section 13960, subdivision (b)(1). These references do not draw a specific distinction based on age, but they establish that, at least in some circumstances, a party to incest may be a victim. Considering all these legislative enactments as part of a comprehensive whole, we think the Legislature has made clear its intent that minors who have incestuous sexual intercourse with adults are victims, not accomplices, and therefore immune from criminal liability.

The Court of Appeal cited *People v. McRae* (1947) 31 Cal.2d 184, 185-186 [187 P.2d 741] (*McRae*) and *People v. Robbins* (1915) 171 Cal. 466, 472 [154 P. 317] (*Robbins*) in support of its conclusion that a minor might be an accomplice to incest with an adult. In these cases, we held that a minor who voluntarily engages in oral copulation (*McRae*) or sodomy (*Robbins*) with an adult is an accomplice. We agree these cases are inconsistent with our holding, but we find them unpersuasive.

At one time, sodomy and oral copulation were, like incest, unlawful by the nature of the acts involved, not because of the age of the participants or other surrounding circumstances. In other words, sodomy and oral copulation were crimes even when the participants were adults acting knowingly and voluntarily. In that circumstance, of course, neither participant was more a victim than the other, both could be prosecuted, and both were accomplices. (See, e.g., *People v. Wayne* (1953) 41 Cal.2d 814, 826 [264 P.2d 547], overruled on other grounds in *People v. Snyder* (1958) 50 Cal.2d 190, 197 [324 P.2d 1] ["a witness who has participated in [incest] voluntarily and with knowledge of the wrongfulness of his act is an accomplice"]; *Stratton, supra,* 141 Cal. 604; *People v. Roberts* (1947) 82 Cal.App.2d 654, 656 [187 P.2d 27]; *People v. Adinolfi* (1930) 106 Cal.App. 261, 262 [289 P. 176]; *People v. Bowley* (1963) 59 Cal.2d 855, 857 [31 Cal.Rptr. 471, 382 P.2d 591, 96 A.L.R.2d

1178] [oral copulation]; *People v. Ellis* (1955) 137 Cal.App.2d 408, 414 [290 P.2d 266] [sodomy].) But, consistent with the analysis in the present case, when sodomy or oral copulation involved conduct between a minor and an adult, the minor should have been considered a victim, not an accomplice, and accomplice instructions should not have been appropriate. Nevertheless, in *McRae*, with respect to oral copulation, and *Robbins*, with respect to sodomy, we reached the opposite conclusion. (See also *People v. McCollum* (1932) 214 Cal. 601, 602 [7 P.2d 301] [oral copulation] (*McCollum*); *People v. Thurmond* (1959) 170 Cal.App.2d 121, 123 [338 P.2d 472] [oral copulation]; *People v. Cox* (1951) 102 Cal.App.2d 285, 286-287 [227 P.2d 290] [oral copulation]; *People v. Reynolds* (1938) 26 Cal.App.2d 219, 221 [79 P.2d 150] [oral copulation]; *People v. Singh* (1932) 121 Cal.App. 107, 109, 110-111 [8 P.2d 898] [sodomy].)

The holdings in these cases were highly questionable in light of the contemporaneous holding that a girl under 18 could not give legal consent to sexual intercourse and therefore could not be an accomplice to incest. Under these cases, a 17-year-old girl who voluntarily had sexual intercourse and engaged in oral copulation with her father could have been prosecuted for the oral copulation but not the sexual intercourse. The more reasonable rule is the one proposed here: the girl cannot be prosecuted for either crime, because the law considers her to be the victim and puts the burden on the adult to avoid the sexual relationship.

Moreover, the holding in these cases is now moot, because in 1975 the Legislature amended sections 286 and 288a to make sodomy and oral copulation legal unless done with a minor or in various circumstances indicating a lack of full consent. (Stats. 1975, ch. 71, §§ 7, 10, pp. 133-134.) This change in the law effectively abrogated our decisions in *McRae*, *McCollum*, and *Robbins*. Obviously, the Legislature wanted, among other things, to make clear that minors are *victims*, not accomplices, if they engage in sodomy or oral copulation with adults. Similarly, minors are victims, not accomplices, when they engage in incestuous sexual intercourse with adults. The Legislature, however, did not need to amend section 285 when it amended sections 286 and 288a, because of the nearly century-old judicial interpretation to that effect.

Finally, our conclusion that the Legislature did not intend minors to be criminally liable for incestuous relations with adults is consistent with public policies we believe the Legislature intended to advance. The heavy social stigma associated with incest and the love, respect, and (in some cases) fear minors have of adult relatives already work to discourage minors from reporting incest. If minors were also to face criminal liability, their adult

sexual partners might warn them of this fact as a way of coercing their silence, and minors would then be even less likely to approach law enforcement authorities. As a result, adults could engage in this highly reprehensible and abusive behavior with relative impunity. We do not believe the Legislature, in enacting the law against incest, intended to create a dynamic that would work to insulate adult offenders from being apprehended. Moreover, if we held that a minor who engages in incestuous sexual intercourse with an adult is an accomplice, we would create the motive to lie that is the basis for the accomplice instructions. The minor, fearing prosecution, might exaggerate the misdeeds of the adult—perhaps even falsely accusing the adult of rape—in hopes of securing leniency and minimizing his or her own culpability. (See *Guiuan, supra,* 18 Cal.4th at pp. 571-572, 574-575 (conc. opn. of Kennard, J.).) Because the adult is clearly the more culpable party, it follows that the Legislature intended to insulate the minor from liability as a way of encouraging reliable testimony from the minor, and facilitating the adult's prosecution.

The Court of Appeal acknowledged some discomfort with its holding that a minor might be an accomplice to incest with an adult: "Our holding should not be misunderstood to mean that prosecutors should initiate criminal prosecutions of minors for participating in acts of incest with adults. Such prosecutions would offend our basic values, and we are confident that prosecutors will properly exercise their discretion in furtherance of justice." We conclude that, if such prosecutions would offend our basic values and are inappropriate, then the Legislature probably did not intend to permit them.

### CONCLUSION

The Court of Appeal in this case concluded that accomplice instructions were necessary in regard to V.'s testimony, but that the failure to give them was harmless error. Accordingly, it affirmed defendant's conviction. We do not need to reach the harmless error question in light of our conclusion that V. was not an accomplice in this case.

We affirm the judgment of the Court of Appeal.

Mosk, J., Kennard, J., and Chin, J., concurred.

**GEORGE, C. J.**—I concur fully in the majority's holding that a child less than 18 years of age who engages in consensual incestuous sexual relations

with an adult is not an accomplice to the crime of incest (Pen. Code, § 285).[1] Unlike the majority, however, I believe this conclusion continues to be supported by the rationale of prior decisions relying upon the circumstance that a minor is incapable of giving *legal* consent to sexual intercourse with an adult. The 1970 amendment of section 261 (defining the crime of rape) and enactment of section 261.5 (defining the crime of unlawful sexual intercourse with a minor) did not abrogate the principle that a minor lacks the capacity to give legal consent to sexual intercourse.

Before 1970, rape was defined to include "an act of sexual intercourse accomplished with a female not the wife of the perpetrator, . . . [¶] 1. Where the female is under the age of eighteen years; . . ." (Stats. 1913, ch. 122, § 1, p. 212.) Thus, a minor who voluntarily engaged in sexual intercourse with an adult was deemed unable to give legal consent to such an act, and actual consent was no defense to rape or related crimes. In *People v. Verdegreen* (1895) 106 Cal. 211 [39 P. 607], for example, we held that actual consent was not a defense to the crime of assault with intent to commit rape. Our opinion explained: "It is the declared policy of our law, as expressed in [section 261], that any female under the age there fixed shall be incapable of consenting to the act of sexual intercourse; and that one committing the act with a girl within that age shall be guilty of rape, notwithstanding he obtain her actual consent. . . . To hold that one of this class, although incapable of consenting to sexual commerce, could nevertheless give her assent to an assault upon her person, made for the express purpose of accomplishing the sexual act, would be to largely emasculate the statute, and defeat in great part its beneficent object. . . . The incapacity extends to the act and all its incidents. [¶] It is true that an assault implies force by the assailant and resistance by the one assaulted; and that one is not, in legal contemplation, injured by a consensual act. But these principles have no application to a case where under the law there can be no consent. Here the law implies incapacity to give consent, and this implication is conclusive." (*Id.* at pp. 214-215.)

In *People v. Stratton* (1904) 141 Cal. 604 [75 P. 166] (*Stratton*), we extended this reasoning to the crime of incest. In rejecting the defendant's assertion that incest requires the consent of both individuals engaging in the act, we stated in dictum: "If the prosecutrix, being of the legal age of consent, consents to the incestuous intercourse, unquestionably she is *particeps criminis*, and her testimony, like that of any other accomplice, uncorroborated, is insufficient to uphold a conviction. [Citation.] But if, upon the other hand, she is the victim of force, or fraud, or undue influence, or is too young to be able to give legal assent, so that she does not willfully and

---

[1] Further undesignated statutory references are to the Penal Code.

willingly join in the incestuous act, she cannot be regarded as an accomplice. [Citation.]" (*Id.* at p. 609.)

In *People v. Stoll* (1927) 84 Cal.App. 99 [257 P. 583] (*Stoll*), the Court of Appeal relied upon the foregoing passage from *Stratton* in holding that a minor cannot be considered an accomplice to the crime of incest with an adult, because the minor is incapable of giving legal consent to sexual intercourse. Rejecting the defendant's argument that any minor old enough to commit a crime also could be an accomplice to incest, the court stated the defendant had overlooked the circumstance that, regardless of the minor's actual assent, she could not be said as a matter of law to have consented to the intercourse. (*Stoll*, at pp. 101-102.) As noted in the majority opinion (*ante*, at pp. 332-333), this analysis and holding subsequently have been followed in a consistent line of Court of Appeal decisions.

The majority determines that the reasoning of *Stoll* and its progeny has been undermined by subsequent legislative developments, which, according to the majority, indicate the Legislature implicitly has acknowledged that a minor is capable of giving legal consent to sexual relations. I disagree with the majority opinion's assessment of the effect of this legislation. The Legislature has indicated that a minor *actually* can consent to (i.e., voluntarily participate in) sexual intercourse, but it has not altered the established principle that a minor *legally* cannot consent to such an act.

In 1970, the Legislature enacted section 261.5, which defines the crime of unlawful sexual intercourse with an individual under the age of 18 years. (Stats. 1970, ch. 1301, § 2, p. 2406.) At the same time it enacted section 261.5, the Legislature amended section 261 to eliminate from the definition of rape an act of sexual intercourse with an individual less than 18 years of age. (Stats. 1970, ch. 1301, § 1, p. 2405.) Under the amended statutory scheme, all sexual intercourse with a minor is unlawful pursuant to section 261.5, but such intercourse does not constitute rape pursuant to section 261 unless it is accomplished under the circumstances specified therein. Pursuant to the 1970 version of section 261, as in the prior version of the statute, sexual intercourse with a female constituted rape if, among other things, she was "incapable, through lunacy or other unsoundness of mind, . . . of giving legal consent," or her resistance was overcome by force or violence. (Stats. 1970, ch. 1301, § 1, p. 2405.)

Therefore, in a prosecution charging the rape of a minor pursuant to the 1970 version of section 261, on the ground that the minor's resistance was overcome by force or violence, the issue whether the minor voluntarily participated in—or *actually* consented to—the sexual intercourse sometimes

became relevant. This circumstance, however, does not establish that the Legislature intended that a minor would be capable of giving *legal* consent to sexual relations. On the contrary, by enacting section 261.5, the Legislature simply recodified, in a separate statute, the preexisting principle in section 261, former subdivision (1), that as a legal matter a minor cannot consent to sexual intercourse with an adult so as to relieve the adult of criminal responsibility for engaging in such an act. (See *Michael M. v. Sonoma County Superior Court* (1981) 450 U.S. 464, 494-495 & fn. 9 [101 S.Ct. 1200, 1217, 67 L.Ed.2d 437] (dis. opn. of Brennan, J.) [tracing legislative history of California's statutory rape law as set forth in § 261, former subd. (1), and § 261.5].) In turn, the amendment to section 261 made the rape of a minor a more serious crime by requiring it to be accomplished under one or more of the additional circumstances specified in the statute, such as by force or violence that overcame the victim's resistance.

Contrary to the conclusion of the majority, a determination that a minor is unable to give legal consent does not require that every violation of section 261.5 also constitute rape pursuant to section 261, subdivision (a)(1). The 1970 version of this subdivision specified that a rape occurred where the victim was "incapable, *through lunacy or other unsoundness of mind,* . . . of giving legal consent." (Stats. 1970, ch. 1301, § 1, p. 2405, italics added.) This provision was retained from the prior version of the statute, which also had defined rape as sexual intercourse with an individual under the age of 18 years. Thus, the Legislature did not consider a minor to be of "unsound mind" and unable to give legal consent on that ground; otherwise, there would have been no reason to include the separate subdivision regarding sexual intercourse with a minor. Furthermore, the current version of section 261, subdivision (a)(1), specifies that rape occurs "[w]here a person is incapable, *because of a mental disorder or developmental or physical disability,* of giving legal consent . . . ." (Italics added.) The status of being a minor cannot reasonably be considered a mental disorder or a developmental or physical disability. Accordingly, if a minor is unable to give legal consent *because of his or her age,* sexual intercourse with a minor who voluntarily participates in the act does not necessarily constitute rape pursuant to section 261, subdivision (a)(1).

In support of its analysis, the majority opinion relies in part upon *Michael M. v. Superior Court* (1979) 25 Cal.3d 608, 614 [159 Cal.Rptr. 340, 601 P.2d 572], which contains dicta indicating that the Legislature, when it adopted section 261.5, "necessarily acknowledged the obvious truism that minor females are fully capable of freely and voluntarily consenting to sexual relations. If this was not so, the charge brought in these cases would uniformly be one of forcible rape. (§ 261.)" This statement, however, responded to the defendant's contention that section 261.5 "creates adverse

inferences concerning the capacity of minor females to make intelligent and *volitional* decisions." (*Michael M.*, *supra*, 25 Cal.3d at p. 614, italics added.) As explained previously, a minor *voluntarily* can engage in sexual relations, but he or she cannot *legally consent* to such acts. The foregoing statements in *Michael M.* were concerned with actual consent, not legal consent, and they do not support the majority's reasoning.

The majority opinion's analysis also conflicts with section 261.6, which states in relevant part: "In prosecutions under Section 261 . . . , in which consent is at issue, 'consent' shall be defined to mean positive cooperation in act or attitude pursuant to an exercise of free will. The person must act freely and voluntarily and have knowledge of the nature of the act or transaction involved." The Court of Appeal correctly has determined that the concept of actual consent defined in section 261.6, as relevant in a prosecution for rape, is distinct from the concept of legal consent.

In *People v. Young* (1987) 190 Cal.App.3d 248 [235 Cal.Rptr. 361], the defendant was convicted of the forcible rape of a child under the age of 14 years. At the time of the offense, section 261 defined rape as an act of sexual intercourse accomplished with a person not the spouse of the perpetrator "[w]here it is accomplished *against a person's will* by means of force or fear of immediate and unlawful bodily injury on the person or another." (Stats. 1980, ch. 587, § 1, p. 1595, italics added.)[2] The decision of the Court of Appeal stated: "Where . . . the alleged victim is a child below the age of legal consent, whether the child has the capacity to 'consent' to an act of sexual intercourse within the meaning of section 261.6 will usually be a question of fact. When it is charged that an act is against the will of a person, ' "consent is at issue." ' [Citation.]" (*People v. Young*, *supra*, 190 Cal.App.3d at p. 257.) The court further stated that "in any sexual intercourse case involving a child-victim under the age of 14, . . . a defendant is subject to conviction of violations of sections 261.5 (unlawful sexual intercourse with female under age 18) and 288, subdivision (a) (lewd or lascivious acts with child under age 14) *even where the child consents to the sexual intercourse.*" (*Id.* at p. 257, fn. 2, italics added.) The Court of Appeal thus properly recognized that a defendant might violate section 261.5 without also violating section 261, and that, although a minor cannot give legal consent to sexual intercourse, he or she[3] voluntarily and willingly can participate in the act, and thus actually consent within the meaning of section 261.6.

Furthermore, the circumstance that a minor can be held criminally responsible for illegal sexual conduct does not undermine the legal principle that

---

[2]The current version of section 261 defines rape as such an act "accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." (§ 261, subd. (a)(2).)

[3]Section 261.5 has been amended to be gender-neutral.

minors cannot give legal consent to sexual intercourse, as the majority opinion suggests. The decision in *Stoll* rejected a similar contention when it concluded the minor victim could not legally consent to sexual intercourse, even though the minor was more than 14 years of age and thus, pursuant to Penal Code section 26, was deemed capable of committing a crime. (*Stoll, supra,* 84 Cal.App. at p. 102.) Similarly, although a minor lacks the legal capacity to enter into certain types of contracts (Fam. Code, § 6701), minors nevertheless are civilly liable for their torts (*id.,* § 6600). The Court of Appeal has explained: " 'Infancy, being in law a shield and not a sword, cannot be pleaded to avoid liability for frauds, trespasses, or torts. . . .' " (*Ellis v. D'Angelo* (1953) 116 Cal.App.2d 310, 313 [253 P.2d 675].) By analogy, a minor's potential responsibility for criminal sexual conduct does not compel the conclusion that a minor can give legal consent to sexual intercourse.

For these reasons, the majority opinion errs in concluding the Legislature has abrogated the rule that a minor cannot give legal consent to sexual intercourse. The rationale underlying *Stoll* and its progeny remains valid and has not been undermined by the 1970 amendment to section 261. Therefore, although I join the majority's decision to adhere to *Stoll*'s holding that a minor cannot be an accomplice to the crime of incest with an adult, I also would adopt the reasoning of *Stoll* as our own. I disagree with the notion that, under the governing statutes, the Legislature has rendered a minor, in *any* case, capable of giving *legal* consent to sexual intercourse.

Baxter, J., concurred.

**WERDEGAR, J.**—I concur in the majority's conclusion that accomplice instructions should not have been given. As the majority writes, "[d]espite the unambiguous wording of [Penal Code section 285], which make[s] no express exception for minors, the Court of Appeal has held, in a consistent line of cases dating back nearly 75 years, that a minor who has incestuous sexual intercourse with an adult is not guilty of incest, even if the minor is older than 14 and participates voluntarily in the incestuous act." (Maj. opn., *ante,* at p. 332.) Under these circumstances, the principle of stare decisis has more than sufficient force to justify the court's conclusion. The principle has special importance in substantive criminal law, because changes in that law can raise ex post facto and due process concerns. "Adherence to precedent must then be the rule rather than the exception if litigants are to have faith in the even-handed administration of justice in the courts." (Cardozo, The Nature of the Judicial Process (1921) p. 34.)

While I join in the majority's conclusion, I cannot endorse its analysis. The opinion reflects a strained effort to ground the court's conclusion in

legislative intent. The words of the statute, however, are the best evidence of legislative intent, and the words of the statute prohibiting incest (Pen. Code, § 285) do not purport to exclude minors from the prohibition. Perhaps the Legislature contemplated the prosecution of minors for incest with other minors, as the majority itself suggests (maj. opn., *ante*, at p. 334), or perhaps the Legislature simply intended to state the prohibition against incest broadly, leaving subtler judgments of culpability to juries and prosecutorial discretion. I write to advocate neither of these interpretations. But given the absolute terms in which Penal Code section 285 speaks, I find entirely unhelpful both the majority's dogged focus on the term "victim," which appears nowhere in section 285, and the majority's effort to find evidence of legislative intent in statutes other than section 285. Neither approach reflects sound legal analysis. Under these circumstances, I am content simply to follow the long-standing rule, knowing the Legislature may do as it wishes but has not seen fit to change the rule.

Appellant's petition for a rehearing was denied June 13, 2001.