Filed 4/21/15  P. v. Baltas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D066348 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD247927) |
| EVAN K. BALTSAS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed as modified with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Ryan H. Peeck, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Evan K. Baltsas of burglary of an occupied dwelling (Pen. Code,[1] §§ 459 & 460) and one count of grand theft (§ 487, subd. (a)). The court found true two serious felony prior convictions (§ 667, subd. (a)) and one violent felony prison (strike) prior conviction (§ 667, subds. (b)-(i)). Baltsas was sentenced to a total term of 12 years in prison.[2]

Baltsas appeals contending the trial court erred in failing to give accomplice instructions, on the court's own motion. Baltsas also contends the court erred in failing to stay the sentence on grand theft (count 2) pursuant to section 654.

Regarding count 2, the People properly concede the theft in this case was integral to the burglary and the sentence must be stayed pursuant to section 654. We will direct the trial court to stay the sentence on count 2 and to recalculate the total sentence accordingly.

With regard to the claimed error in failing to given unrequested accomplice instructions, we agree with the People that even if such instructions were appropriate, there is no conceivable prejudice on this record. Accordingly, any instructional error is harmless.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    At sentencing the court stayed the three-year sentence for the violent felony prison prior (§ 667.5, subd. (a)). The proper remedy was to strike the enhancement. On remand we will direct the court to strike the prison prior.

STATEMENT OF FACTS

On April 14, 2013, Kimberly Nelson was a resident at the Mason, an affordable housing facility. On that day Nelson encountered Baltsas and his girlfriend. She let them into the building. As evidence from the building's surveillance video revealed, Baltsas stole a television and two computers from the common area of the building that night.

Nelson testified that the visit by Baltsas was a surprise. She denied using methamphetamine that day and denied giving Baltsas permission to take property from the building. Nelson testified she suffered from heart problems and that it would have been impossible for her to have removed the items from the common area.

Defense

Baltsas testified that he was a drug dealer at the time and that he regularly dealt drugs with Nelson. He said he had been to her apartment many times and that he went to her apartment that night to collect $400 that Nelson owed him for past drug purchases.

According to Baltsas, when he arrived at Nelson's residence the television and two computers were already in bags in her apartment. He did not care who owned the items and took them from Nelson as payment for her drug debt. Baltsas acknowledged he knew of Nelson's circulation problems and her difficulty in walking.

DISCUSSION

Although defense counsel did not contend that Nelson was an accomplice, and did not request any instructions on that issue, Baltsas now contends the evidence supports a finding she was an accomplice and the failure to properly instruct the jury denied him due process. He contends that given his testimony that Nelson had already taken the property

3

from the common area before he arrived, she was potentially an accomplice under section 1111 and the jury should have been instructed to distrust her testimony and that he could not be convicted unless her testimony was corroborated.

While we are somewhat doubtful that the defendant's testimony in this case would justify accomplice instructions, we are satisfied that any error was harmless by any standard. As we will discuss, there is abundant corroboration to connect Baltsas with the crime, independently of Nelson's testimony. Further, under the instructions actually given, the jury was clearly aware that Nelson's credibility was at issue. Accordingly, we will reject this challenge to the convictions.

## A. Legal Principles

A trial court has a sua sponte duty to instruct a jury to distrust accomplice testimony if "the evidence was sufficient to support an accomplice finding." (*People v. Tobias* (2001) 25 Cal.4th 327, 330.) Whether a person is an accomplice is ordinarily a question for a jury to decide. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 103.)

A person is an accomplice if the person testifying would be liable for the identical offense charged against the defendant. In other words, the person must be chargeable as a principal in the identical crime charged against the defendant. (*People v. Horton* (1995) 11 Cal.4th 1068, 1113-1114.) A defendant may not be convicted of an offense based upon the testimony of an accomplice unless that testimony is corroborated. (§ 1111.)

Although trial courts have a duty to instruct on accomplice testimony in appropriate cases, failure to do so may be harmless where the testimony of the accomplice is sufficiently corroborated. (*People v. Boyer* (2006) 38 Cal.4th 412, 467.)

4

Assuming, arguendo, that there was enough evidence in this case to justify an accomplice instruction, we will go directly to the question of whether any such error was harmless.

B. Analysis

Nelson testified she did not give Baltsas permission to take the items from the apartment's common area. Similarly, the apartment manager testified nobody had permission to remove those items. Baltsas testified he removed the stolen items from the building. He could hardly have testified differently since he was captured on surveillance video removing the stolen merchandise from the building.

The corroboration required to support a conviction based in part on accomplice testimony does not have to be shown by proof beyond a reasonable doubt. It need only be slight corroboration that tends to independently connect the defendant to the commission of the charged offense. (*People v. Tewksbury* (1976) 15 Cal.3d 953, 968-969; *People v. Boyer*, *supra*, 38 Cal.4th at p. 467.)

There can be no doubt that Nelson's testimony, even if she was an accomplice, is more than adequately corroborated. Indeed Baltsas's own testimony, which is the only thing in the record that could possibly make Nelson an accomplice, admitted he took the property "not caring" if it was stolen. Thus we conclude any failure to instruct on accomplice testimony was harmless on the issue of corroboration.

The second purpose of the instructions on accomplice testimony would be to advise the jury to view the witness's testimony with suspicion. However, in this case the jury was clearly aware that Nelson's credibility was at issue. Not only was the jury

5

instructed on assessing credibility, but defense counsel plainly attacked her testimony as being untruthful. In addition the jury was instructed on Baltsas's "claim of right" defense. The jury was told that if they found Baltsas reasonably believed that Nelson gave him permission to take the property, then they must find he did not have the intent to steal. They were told that if the jury had a reasonable doubt whether Baltsas had the intent to steal, they must acquit him.

Nelson did not testify that she saw Baltsas take the property from the common area. She only testified she did not take it and did not give Baltsas permission to take it. The jury was aware that Nelson had physical disabilities that would make it difficult, if not impossible, for her to take the items from the common area and take them to her apartment in order to deliver them to Baltsas.

The jury rejected Baltsas's story about obtaining the property from Nelson in payment of a debt. Plainly they rejected his version of the events. Defense counsel never contended Nelson was an accomplice, and the defense position was that Nelson independently took the items and that all Baltsas did was to accept them without caring who owned them. That position is inconsistent with the appellate claim that Nelson was an accomplice. In any event, after a full review of the record we are satisfied that any possible error was harmless by any standard. Baltsas was not prejudiced and not denied due process.

## DISPOSITION

The trial court is ordered to modify the judgment by staying the sentence on count 2 pursuant to section 654. The court is also directed to strike the prison prior

6

(§ 667.5, subd. (a)). The court is directed to amend the abstract of judgment to reflect the changes and to forward an amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.