Filed 7/25/14  P. v. Long CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073798 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF105981) |
| v. | |
| JAMES FREDRICK LONG, | |
| Defendant and Appellant. | |

Defendant was pulled over in a car he was driving.  There was marijuana and a pipe with methamphetamine in the car, and defendant failed three field sobriety tests.  A jury found him guilty of transporting methamphetamine, possessing methamphetamine, possessing  paraphernalia (an opium pipe), and driving under the influence of alcohol or drugs.[1]

---

[1]     Also charged with these offenses (except for the driving charge) was Leighanna Ramirez.  Before defendant's trial, Ramirez was convicted of transporting drugs.

1

Defendant appeals from the resulting conviction, raising four instructional and evidentiary issues. We find merit in one: defendant's transportation conviction cannot stand because there was no proof the transportation was for sale, an element that came into being after the jury found defendant guilty of this crime. We will remand the case to allow the People to prove this element, if they so choose.

FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2010, defendant, Ramirez, and Christina Lopez met up at Lopez's home in Fairfield. In the afternoon, the three went to Cache Creek Casino. There was a pipe with methamphetamine that was passed around between the three of them. After spending about three to four hours at the casino, they got back into defendant's car, and defendant started driving.

Around 6:30 p.m., Yolo County Deputy Sheriff Ryan Mez pulled over defendant's car because the left rear brake light was not working. Defendant handed the pipe to Lopez and told her to get rid of it, so Lopez handed it to Ramirez. The first thing Mez noticed when he approached the car was that it smelled like marijuana. A nervous and talkative defendant initially said there was nothing illegal in the car but then said there was "weed." Deputy Mez found 4.92 grams of marijuana in the glove box. By this time, Deputy Sam Machado had come to assist Deputy Mez.

Deputy Machado was an 11-year veteran of the sheriff's department, had attended an experts' course in recognition of people who are under the influence, and had administered thousands of field sobriety tests. Deputy Machado gave defendant the finger count test, the hand pat test (placing one palm on the other), and the Romberg test

Ramirez testified at defendant's trial, having been called as a witness by the People. At the time of her testimony, Ramirez was on probation for her conviction. The court excluded evidence of her probationary status. The jury heard evidence that Ramirez had a criminal history that included convictions for second degree burglary and "petty theft with a prior."

2

(tilting one's head back, closing one's eyes, and counting 30 seconds in one's head). Defendant failed all three. Machado noticed that defendant's pupils reacted slowly to light, consistent with stimulant use. Defendant's tongue had blisters and a white coating, consistent with methamphetamine smoking. Based on the field sobriety tests and his observations, Deputy Machado concluded defendant was "unable to operate a vehicle safely."

Deputy Mez transported defendant and Ramirez to jail. Ramirez told Mez she had two syringes and a pipe inside her bra. She said the syringes were hers but the pipe was not. The pipe had 0.10 grams of melted methamphetamine inside. Defendant told Deputy Mez that he had bought the pipe and methamphetamine for $30 earlier that day in Fairfield. Defendant's blood tested positive for methamphetamine and marijuana.

## DISCUSSION

### I

*Defendant's Conviction For Transporting Methamphetamine Must Be Vacated And The Case Remanded To Allow The People To Prove The Transportation Was For Sale*

At the time of defendant's transportation of controlled substance conviction, Health and Safety Code section 11379, subdivision (a) provided that "every person who transports . . . any controlled substance . . . shall be punished by imprisonment . . . for a period of two, three, or four years." Case law construed the statute to cover any transportation of a controlled substance with knowledge of its presence and illegal character, regardless of whether the defendant intended to sell the drug. (*People v. Emmal* (1998) 68 Cal.App.4th 1313, 1317; *People v. Eastman* (1993) 13 Cal.App.4th 668, 676-677.) After defendant's conviction, that section was amended by adding subdivision (c), which provides: "For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 2.)

Defendant contends his conviction for transportation must be reversed because the People did not prove that he transported methamphetamine for the purpose of selling it.

3

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*In re Estrada* (1965) 63 Cal.2d 740, 745.)

The parties agree that under *Estrada* the amendment to Health and Safety Code section 11379 applies to this case, and so do we. Under the amended statute, defendant's conviction for transportation cannot stand because the jury did not find defendant intended to sell the methamphetamine.

The parties disagree on the remedy. Defendant argues his transportation conviction must be reversed, while the People argue we should vacate his transportation conviction and remand the case for the People to decide whether to retry that count, given the extra element now required to prove the offense. We agree with the People.

In *People v. Figueroa* (1993) 20 Cal.App.4th 65, the appellate court held that where an amendment to a statute that added an additional element to an offense was applied retroactively to a defendant, the People could have an opportunity to establish the additional element on remand without offending double jeopardy or ex post facto principles. (*Id*. at pp. 71-72.) We will do the same here. Therefore, defendant's conviction for transportation of a controlled substance must be vacated and the case remanded to give the People the opportunity to prove beyond a reasonable doubt that defendant transported the methamphetamine for sale. We shall remand the case for that purpose.

II

*The Court's Error In Failing To Instruct*

*That Ramirez Was An Accomplice Was Harmless*

Defendant contends and the People agree the court erred in failing to instruct that Ramirez was an accomplice. We agree the court should have so instructed, but we find the error harmless.[2]

Because a conviction cannot be based on uncorroborated accomplice testimony (Pen. Code, § 1111), a trial court has a duty to instruct the jury on accomplice testimony when the circumstances so require. (*People v. Tobias* (2001) 25 Cal.4th 327, 331.) However, error in failing to give an accomplice testimony instruction "is harmless if the record contains 'sufficient corroborating evidence.' [Citation.] 'Corroborating evidence may be slight, entirely circumstantial, and entitled to little consideration when standing alone. [Citations.] It need not be sufficient to establish every element of the charged offense or to establish the precise facts to which the accomplice testified. [Citations.] It is "sufficient if it tends to connect the defendant with the crime in such a way as to satisfy the jury that the accomplice is telling the truth." ' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 95.)

As the People note, this was not a case where the only evidence tending to show that defendant possessed and transported the methamphetamine came from Ramirez's testimony. Defendant told Deputy Mez that he had bought the pipe and methamphetamine for $30 earlier that day in Fairfield. Defendant's blood tested positive for methamphetamine. His pupils reacted slowly to light, consistent with stimulant use. His tongue had blisters and a white coating, consistent with methamphetamine smoking.

---

[2] Ramirez was an accomplice because she was convicted of the same crime defendant was -- transporting methamphetamine.

5

He failed all three field sobriety tests. This evidence corroborated defendant's guilt of the crimes, making the error in failing to give the accomplice instructions harmless.

III

*The Trial Court Did Not Err*

*In Excluding Evidence Of Ramirez's Probationary Status*

Defendant contends the trial court violated his federal right to confront the witnesses against him and abused its discretion when it excluded evidence that Ramirez was on probation at the time of her testimony. We disagree.

"A trial court's limitation on cross-examination pertaining to the credibility of a witness does not violate the confrontation clause unless a reasonable jury might have received a significantly different impression of the witness's credibility had the excluded cross-examination been permitted." (*People v. Quartermain* (1997) 16 Cal.4th 600, 623-624.) A trial court's discretion in this regard extends to the exclusion of impeachment evidence regarding a witness's probationary status. (*People v. Chatman* (2006) 38 Cal.4th 344, 374.)

Here, the trial court excluded evidence that Ramirez was on probation, which resulted from her conviction for transporting methamphetamine in this case. Thus, she was not a probationer until after she made the statements to police implicating defendant. For this reason, her probationary status would not show bias in the statement she gave to police at the time of the arrest. Furthermore, the court allowed the jury to hear that Ramirez had a criminal history that included convictions for second degree burglary and "petty theft with a prior." Thus, exclusion of Ramirez's probationary status would not have left the jury with a significantly different impression of her credibility.

## IV

*Sufficient Evidence Supported Defendant's Conviction*

*For Driving Under The Influence Of Alcohol Or Drugs*

Defendant contends there was insufficient evidence he was driving under the influence of alcohol or drugs because "the evidence presented in support of this claim did not demonstrate that [he] had, actually in fact, been impaired while driving."

"[F]or a defendant to be guilty of *driving* while under the influence of drugs . . . , ' "the . . . drug(s) must have so far affected the nervous system, the brain, or muscles [of the individual] as to impair to an appreciable degree *the ability to operate a vehicle* in a manner like that of an ordinarily prudent and cautious person in full possession of his faculties." ' " (*People v. Canty* (2004) 32 Cal.4th 1266, 1278.) "The detailed testimony of the observable physical and mental reactive state of the defendant . . . experienced in observing such details" is "sufficient to establish defendant's condition" for a driving under the influence conviction. (*People v. Macknic* (1967) 257 Cal.App.2d 370, 374-375.)

Here, Deputy Machado was well versed in spotting the symptoms of intoxication and driving under the influence, having administered thousands of field sobriety tests. Deputy Machado gave defendant the finger count test, the hand pat test (placing one palm on the other), and the Romberg test (tilting one's head back, closing one's eyes, and counting 30 seconds in one's head), defendant failed all three. Based on these field sobriety tests, Deputy Machado concluded defendant was "unable to operate a vehicle safely." This evidence was sufficient to establish the element that defendant claims was not proven.

## DISPOSITION

Defendant's conviction for transporting a controlled substance is vacated. The matter is remanded to the trial court so that the People may decide whether to retry defendant for transporting a controlled substance with the element that defendant was

7

transporting the methamphetamine for sale.  If the People elect to retry defendant, the trial court shall proceed accordingly.  If the People do not elect to retry defendant, the trial court shall vacate defendant's conviction for transporting a controlled substance.  In all other respects, the judgment is affirmed.


                                                      ROBIE            , J.



We concur:



      BLEASE          , Acting P. J.



      DUARTE        , J.

8